## A. C. PUTNAM v. W. H. BENTLEY.

1. JUSTICE OF THE PEACE.  *Equity jurisdiction of.*  The extent of the equity jurisdiction conferred on justices of the peace by section 4124 of the Code, in cases in which the subject-matter does not exceed fifty dollars, is to empower the justice to render such a judgment as the merits of the case may demand, upon equitable principles and without being fettered by the rigid rules of the common law.   It does not empower the justice of the peace to remove impediments out of the way of obtaining satisfaction of an execution issued on his judgment, or to subject equitable assets to the satisfaction of the judgment, upon an execution being returned *nulla bona.*   The judgment having been rendered, and execution issued and returned *nulla bona,* the remedy at law is exhausted.

Case cited: Williams v. Wilhite, 3 Head, 345.

2. CHANCERY COURT.  *Jurisdiction of to aid creditor whose judgment is less than fifty dollars.*   While sections 4280–81 of the Code, construed to-

gether, restrict the original jurisdiction of our chancery courts to debts and demands of fifty dollars and upwards, sec. 4282 vests them with the exclusive auxiliary jurisdiction to aid a judgment creditor to subject the property of his debtor, which cannot be reached by execution, to the satisfaction of his judgment, without reference to the amount of the judgment. The ground of the jurisdiction is, that the plaintiff has no remedy at law—cannot reach his debtor's property by execution at law—and the statute aids him upon that ground alone.

Code cited: Secs. 4124, 4280–81–82–83.

## FROM KNOX.

Appeal from the Chancery Court. O. P. Temple, Chancellor.

C. H. Flourney for Putnam.

No counsel marked for Bentley.

Deaderick, J., delivered the opinion of the court.

Putnam recovered a judgment before a justice of the peace for Knox county against Bentley for $40.60 and $1.65 costs of suit. Execution was issued thereon and the officer returned it *nulla bona.*

Thereupon Putnam filed his bill in the chancery court at Knoxville, alleging the recovery of the judgment, the issuance of the execution and the return of it by the officer as above stated, and further alleging that defendant was the equitable owner of, or had an equitable interest in, a certain town lot in Knoxville described in the bill, and prayed for the aid of the court to reach it for the satisfaction of his judgment.

The defendant moved to dismiss the bill, because it appeared upon its face that the chancery court had

no jurisdiction of the case, the bill showing that the amount of the judgment for debt and costs was less than fifty dollars.

The chancellor dismissed the bill, and the complainant has appealed to this court.

The Code, sec. 4280, defining the jurisdiction of the chancery courts, provided that "they have *exclusive original jurisdiction* of all cases of an *equitable nature* where the debt or demand exceeds fifty dollars, unless otherwise provided by this Code." The next section is, that they have no jurisdiction of any debt or demand of less value than fifty dollars; and sec. 4283 is, that they have *exclusive jurisdiction* to *aid* a creditor, by judgment or decree, to subject the property of the defendant, which cannot be reached by execution, to the satisfaction of the judgment or decree, under the provisions of this Code.

The defendant insists that under sec. 4124 of the Code the relief, which he claims the chancery court is precluded from granting by secs. 2480-81, may be had. That section provides that "any justice of the peace, and any court of this State, before whom any cause may be pending by appeal or otherwise, where the subject-matter does not exceed fifty dollars, shall hear and determine such cause upon principles of equity, and render such judgment or decree as the merits of the case may require, as fully and in the same manner as courts of chancery."

This statute was construed in 3 Head, 345, where it was held that it would be *inequitable* to allow the plaintiff to recover, although on common law princi-

Putnam *v.* Bentley.

ples he might have been entitled to a recovery, the court adding that "a court of equity would not tolerate such a demand." This construction is sustained by the phraseology of the section. It empowers the justice or court to *render such a judgment* as the merits of the case demand, upon equitable principles, and without being fettered by the rigid rules of the common law. This is what is meant or intended by the language empowering a "justice to render such judgment as the merits of the case may require, and in the same manner as courts of chancery." The power extends to the *rendering of the judgment,* and is to be exercised with reference to the equitable rights of the parties. When, however, it is exercised, and the judgment rendered, it may turn out that there is some impediment in the way of the satisfaction of the execution issued on the judgment. The debtor's property may be of such a character, or so held, as that an execution at law cannot reach it. In such a case "the *exclusive jurisdiction to aid* a creditor by judgment or decree to subject the property" to sale, conferred by Code, sec. 4282, may well be invoked.

The statute lodges this auxiliary jurisdiction exclusively in the chancery court. And while secs. 4280 and 4281, construed together, restrict the *original* jurisdiction of our chancery courts to debts and demands of fifty dollars and upwards, the next section, 4282, vests said courts with the exclusive jurisdiction to *aid* a creditor by judgment to subject his property, which cannot be reached by execution, to the satisfaction of his judgment, without reference to the amount of said

judgment. The ground of the jurisdiction is, that the plaintiff has no remedy at law — cannot reach his debtor's property by execution at law; and this statute aids him upon that ground alone.

In this case the justice rendered a judgment upon a legal demand, an execution at law followed the judgment, and it was ascertained that the defendant had no property liable to execution. The judgment having been rendered, and execution issued and returned *nulla bona*, the remedy at law is exhausted.

The justice has no jurisdiction to retry the case, and issue an order or decree to sell defendant's equitable interest in the lots. This jurisdiction is not conferred on him by the statute in question. When he tries the case on equitable principles, he renders his judgment for or against the plaintiff according to circumstances, and issues his execution.

We are therefore of opinion that the chancery court has jurisdiction to grant the relief prayed for in this case, and reverse the decree, with costs, and remand the cause for answer and further proceedings.