State *v.* Covington.

4L 51
9L 341

THE STATE *et al v.* W. D. COVINGTON.

JUSTICES OF THE PEACE. *No jurisdiction to enforce lien for unpaid taxes.* Justices of the Peace have not the jurisdiction of a Court of Chancery, under the Code, §4123, subs. 7, and §4124, to enforce a lien on land for the taxes assessed thereon where the amount of the taxes does not exceed fifty dollars.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County. FRANK T. REID, J.

Attorney-General LEA & JOHN RUHM for the State.

ALLEN & COVINGTON for Covington.

COOPER, J., delivered the opinion of the Court.

On the 4th of February, 1880, a warrant was issued by a Justice of the Peace to a Constable, commanding him to summon W. D. Covington, to answer the State of Tennessee and County of Davidson "in a plea that he is indebted to them for taxes for the years 1869, 1874, 1876 and 1878, on the property described in the 'Exhibit filed,' for which, with costs, interest, &c.," the plaintiffs say they have a lien on the property described, which they ask to be enforced by a sale of the property on time, free from the equity of redemption,"

State *v.* Covington.

the amount claimed being under fifty dollars. The exhibit attached to the warrant gave the items of taxes, interest, &c., and described the lot of land on which the taxes were claimed to be a lien. The warrant was executed on the defendant. He appeared before the Justice at the time and place fixed for the trial, and pleaded orally that the Justice had no jurisdiction, which plea was over-ruled. The defendant then insisted that the proceed, ings should be by bill as in a Court of Chancery, and that he would have the right to demur, plead or answer thereto. The Justice so ruled, to which ruling the plaintiff excepted.

It was then agreed to waive formal pleadings, and to allow the Justice to try the case as upon bill and answer, the bill asking for a sale free from the equity of redemption. The Justice there-upon gave judgment for the plaintiffs against the defendant for the amount of taxes claimed, with interest and costs, declared the same a lien on the land, ordered the defendant to pay the judgment and costs within thirty days; and in case of fail-ure, that execution issue to be levied on the land, and the papers returned to the Circuit Court for condemnation and sale. Both parties appealed to the Circuit Court. In that Court the defendant admitted that he owned the land, and that the taxes were due thereon as claimed.

The Circuit Judge was of opinion that the Justice of the Peace had jurisdiction to enforce the lien for the taxes, the amount being under fifty dollars,

State *v*. Covington.

and that the motion to dismiss the proceedings for want of jurisdiction was not well taken. He was also of opinion that it was not necessary to proceed by bill and answer as in a Court of Chancery, but that the suit was properly brought by warrant, and could be conducted orally as in other cases. He affirmed the judgment of the Justice, and declared the recovery a lien on the land. His Honor at first ordered a *procedendo* to issue to the Justice directing him to sell the land, or a sufficiency thereof to satisfy the the judgment, on a credit of six and twelve months free from the equity of redemption, but afterwards struck out the award of a *procedendo,* and ordered a *venditioni exponas* to issue to the Sheriff to sell the land upon the terms of the judgment. Both parties again appealed to this Court.

The proceeding, it is conceded, is altogether new, nothing of the kind having ever before appeared in the judicial history of this State. No wonder, therefore, that the lawyers, the Justice, and the Circuit Judge were somewhat at a loss to know exactly what to do; nor, in truth, that we should be rather in the same quandary.

This Court has recently held that the Chancery Court has original jurisdiction, independent of any statute, to enforce the statutory lien on land for the taxes assessed thereon in favor of the State, County, or municipal corporation, even after a sale of the land for the taxes where the land had been bid in by the party entitled to the taxes, and that

party waives the rights thereby acquired. *State* v. *Duncan,* L. J. and Rep., 41; S. C., 3 Lea, 679. It was found that in a large number of cases the taxes fell below fifty dollars, the minimum limit of Chancery jurisdiction by statute when made to depend exclusively upon the amount of the demand. The object of the proceeding under consideration was to test the question whether the jurisdiction, declared to be in the Chancery Court, for the enforcement of the lien for taxes on land might not be held to exist in the Justice's Court where the amount was under fifty dollars. It has long been the settled law of this State, that taxes might be collected by warrant before a Justice of the Peace. *Mayor, &c., of Jonesborough,* v. *McKee,* 2 Yer., 167. It seems, however, that this mode of proceeding would not meet the difficulties in the way

Owing to the forms of assessment and the changes of title by sale of the land, it was found necessary to call in aid the powers of a Court of Chancery to ascertain and declare the rights of the parties, and to secure a prompt and valid sale of the property. The present suit was only the first step in the direction of declaring the Courts of Justices of the Peace clothed with full Chancery jurisdiction for all purposes, where the amount in controversy was under fifty dollars. Those Courts have always, heretofore, been considered as exclusively courts of law, with only such jurisdiction as is positively conferred by statute, and without any of the powers of a Court of Chancery in the

State *v.* Covington.

administration of equitable rights according to the peculiar forms of that Court. We are now asked to turn those Courts into Courts of Chancery for "small cases." By the Act of 1817, chap. 86, § 1, it was provided that on trial of all suits before a Justice of the Peace, or any of the Courts, where the subject matter does not exceed fifty dollars, the Justice or Court shall hear and determine such cause upon its merits, and hear parol or other legal evidence to impeach the consideration or validity of any bond or note, as well those with as those without seal.

By Act of 1858, chap. 56, §3, the Act of 1817 was so amended as to authorize Justices of the Peace, and any of the Courts before whom a cause is pending, where the subject matter does not exceed fifty dollars, "to hear and determine such cause upon principles of equity, and to render such judgment or decree as the merits of the case may require, as fully and in the same manner as Courts of Chancery now do." These statutory provisions were brought into the Code by section 4123, sub-sec. 7 and section 4124. The first of these sections undertakes to enumerate the civil cases to which the jurisdiction of Justices of the Peace extends, and among others, by sub-sec. 7, says: "To all equity causes where the subject matter does not exceed fifty dollars." The second section defines the equity jurisdiction, and in the very words of the Act of 1858: "Any Justice of the Peace, and any Court of this State, before whom any cause may be pending, by appeal or

otherwise, where the subject matter does not exceed fifty dollars, shall hear and determine such cause upon principles of equity, and render such judgment or decree as the merits of the case may require, as fully and in the same manner as Courts of Chancery." Code, §4124.

Reading the two sections together, it is clear that the " equity causes" of the first are those causes, where the subject matter does not exceed fifty dollars, which the Justice is required to " hear and determine upon principles of equity." These causes are such as " may be pending before the Justice," or " any Court," in the usual and ordinary course of business, according to the character of the Court, or the jurisdiction expressly conferred by statute upon Justices of the Peace. The Code no where vests Justices of the Peace with any of the powers of a Chancellor, or a Justice's Court with any of the extraordinary jurisdiction of the Court of Chancery. All that it undertakes to do is to say that when any case comes before a Justice under the express jurisdiction elsewhere conferred upon him, and the amount does not exceed fifty dollars, he shall hear and determine it upon principles of equity, and the case of *Williams* v. *Wilhoite,* 3 Head, 344, exactly illustrates the power intended to be given. There the plaintiff sued the defendant for the interest which had accrued upon a note given for land between its maturity, when the principal was tendered by the vendee, and the time when the vendor was able to make a good title,

and the principal was actually paid. "A Court of Equity," it was said, "would not tolerate such a demand," and therefore the Circuit Court, deciding the case upon "principles of equity," properly refused to give the plaintiff a judgment, the amount sued for being less than fifty dollars, and the case falling precisely within the provisions of the Code, section 4124.

Some stress is laid upon the use of the words "render such judgment or decree;" but the words "judgment and decree" by the Code, section 2970, are made interchangeable, and by section 2974, such and so many judgments, joint, separate and cross, may be rendered as may be necessary to the rights of the parties at law as well as in equity. It cannot under these circumstances, be seriously urged that the use of the word "decree" in section 4124, confers upon a Justice and the Circuit Court all the powers and forms of a Court of Chancery. The Justice can only exercise the jurisdiction expressly conferred upon him, and whenever, within that jurisdiction, a case comes before him for an amount not exceeding fifty dollars, he must decide it upon "principles of equity." If his judgment or decree involves the sale of land, even in the enforcement of a lien, our statutes require that the papers shall be returned into the Circuit Court for the condemnation and sale of the land. Code, secs. 3537, 3547.

The policy of our law has been to secure record evidence on the minutes of a Court of Record of

the transmission of title, whenever real estate is involved in proceedings before a Justice. In no case has it ever been held that a Justice can enforce a lien on land unless the jurisdiction has been expressly given by statute. The settled policy of the State on this subject ought not to be set aside upon the mere words of a statute, even if they admitted of the meaning contended for, after an acquiescence, by the Legislature and the profession, in a different construction for over twenty years, since the 1st of May, 1858, when the Code went into operation. Nor is there any necessity for making a radical innovation upon our judiciary system to meet a supposed want. For although by the Code, section 4281, Chancery Courts are declared to have "no jurisdiction of any debt or demand of less value than fifty dollars," yet this restriction only applies when the jurisdiction turns wholly upon the amount involved. If the jurisdiction to grant the relief sought is exclusively conferred upon the Chancery Court, the limitation does not apply. It cannot be supposed that the Legislature intended to deprive the citizen of redress, no matter how small the amount involved may be, when the only Court clothed with jurisdiction is the Chancery Court.

Accordingly, it has been twice held by this Court in unreported cases, the last decision being made during the recent term at Knoxville, that when a bill is filed under the Code, section 4282, to subject the property of a defendant, which cannot

State *v.* Covington.

be reached by execution, to the satisfaction of a judgment, the Court of Chancery will have cognizance, although the judgment debt be under fifty dollars, that Court having " exclusive jurisdiction " in such cases.    The reason is, that it is the peculiar subject of jurisdiction, the enforcement of a positive equity, not the amount involved which must be looked to, there being no other mode of redress. Whether a case, like the one before us, would fall within the principle of these rulings, it would be improper for us to say.

The judgment of the Circuit Court must be reversed, and a judgment rendered here in favor of the plaintiff against the defendant for the amount found to be due, with costs, for which the plaintiffs will have execution as in other cases.

FREEMAN, J., delivered the following dissenting opinion :

This is a suit commenced before a Justice of the Peace for Davidson County by warrant, to enforce the lien for taxes due for the years 1867, 1874, 1876, and 1878. The warrant states the cause of action to be the taxes due for the years mentioned, makes an exhibit from the tax books of the sums due, including costs of every kind properly chargeable, with the property on which they are chargeable, that the sum is under fifty dollars, that a lien exists in favor of the State and County of Davidson on said property for the payment of

the sums specified, and asks that the same be enforced, free from the equity of redemption, unless the defendant will pay the amount by a short day.

The questions are the jurisdiction of the justice of the peace in such a case to enforce a lien on real estate, and the mode of procedure should the jurisdiction be sustained.

We have settled at this term, in the case of the *State* v. *Duncan,* that the lien created by our law in favor of taxes on real estate, might be enforced by a court of equity as other liens are enforced in these courts. But Courts of Chancery in this State, by statute, have no jurisdiction where the sum in dispute appears to be less than fifty dollars, as in this case. The lien exists as much in such case as where the sum due is larger, but the jurisdiction of the Court of Chancery is limited by this sum.

The question then, in this case, is whether we have an equitable right which has no remedy for its enforcement under our system by suit, or whether in cases of taxes in amount less than fifty dollars, the State and county are confined to the process of sale, as has been the usual practice, and which is known to have heretofore proven ineffectual, while in cases where the sum is over fifty dollars, the equitable remedy is held to exist. It would seem clear, that if there is equitable jurisdiction to be found in a court having cognizance of the sum, that court should be resorted to, so that the same measure of remedy should exist in the case of tax

liens in the one case as in the other, much the larger number of cases being under fifty dollars. Justices of the peace have jurisdiction of the amount if they have equitable jurisdiction over the question. If such jurisdiction exists, it must be found in our statutory laws—such courts being, by immemorial usage, law courts, as well as by our general statutes conferring or regulating their jurisdiction.

Under the title, "Jurisdiction of justices of the peace," sec. 4123, sub-sec. 7, the jurisdiction of justices of the peace is summarized, and is declared to extend to, among other things, "*all equity* causes where the subject matter does not exceed fifty dollars." By sec. 4124, "any justice of the peace, and any court of this State, before whom any cause may be pending, by appeal or otherwise, where the subject matter does not exceed fifty dollars, shall hear and determine such causes upon principles of equity, and render such judgment or decree as the merits of the case may require, as *fully*, and in the same *manner*, as courts of chancery."

There certainly can be no possible constitutional objection to conferring this jurisdiction on justices of the peace. The Legislature clearly had the power to give the jurisdiction. The only question is, has it been done?

It is evident the Act of 1857-8, from which these sections of the Code are taken, was designed to provide for all cases where there was an equitable right, but which could not be enforced in a

court of equity because of the limit fixed for that court that the sum should be fifty dollars. The jurisdiction is "to all equity causes, where the sum is under fifty dollars." Is this an equitable cause? Unquestionably the enforcement of liens is an equity cause, in the sense of this statute, and as we have held at the present term, the enforcement of a lien for taxes on realty is an equity cause, or a case of equitable jurisdiction, which can be entertained in that court, it follows, the jurisdiction is conferred by this statute, unless excluded by the provisions of some other section of the Code, or by necessary implication from it. No such exception exists.

The argument is clearly untenable that sec. 4124 intended only that justices of the peace, in cases under fifty dollars, should simply do justice between the parties; that is, be free to administer a sort of natural equity in such cases. The language clearly expresses the idea that the remedy should be the remedy given in a court of chancery in like cases. They "shall hear and determine such cause upon principles of equity, and render judgment or decree as the merits of the case may demand, in the same manner as courts of chancery," is the language. Such is evidently the meaning of the language used, and is also the view taken of it in the only case where it has been before this court: *Williams* v. *Willhite*, 3 Head, 344.

This jurisdiction, as will be seen, is not conferred alone on justices of the peace, but is given

to justices of the peace and any other court of this State before whom a cause is pending, whether by appeal or otherwise. So that the Circuit Court would be required to administer the equitable remedy, in a proper case, as well as the justice's court.

The jurisdiction being conferred, how shall it be exercised? The section says it shall be determined on principles of equity, and the court or justice is to render such judgment or decree as the merits of the case require, as fully, and in the same manner, as a court of chancery. While the result thus required may apparently be not in accord with our notions of the ordinary proceedings before such courts, there is in fact nothing strange or startling in it. It simply requires a court to make the proper decree to enforce a right, where no other jurisdiction to enforce it exists. That decree must be the same that a court of chancery would render in a like case. The decree in this case would be that the party has a lien on the lands, that the defendant must pay the money by a time to be fixed, and if he failed, his land should be sold, after notice as required by law in other cases of sales under a decree of a court of chancery.

As to who shall execute this decree, we would say it is in the nature of an execution, and should be executed by the officer serving the process, or some other officer of the county to whom the execution might be issued. He should make return and report of the sale, and the same entered, as

confirmed by the justice, and title divested and vested, as a court of chancery would do. The registration of this decree—or it may be a copy of the whole proceeding, the decree, however, is sufficient,—would be a muniment of title, and would be in conformity to the practice in chancery cases.

As to the policy of all this, we have nothing to say, but as to the legality of it, we can see no objection to it, nor even why in the class of cases provided for, it is not a very proper jurisdiction to be exercised. If the case is appealed to the Circuit Court, that Court would enter the proper decree and have it executed by its appropriate officer, the clerk, and so end the case.

This is my view of the law of this case, a majority of my brethren hold that you can allow a justice only to render a judgment for the amount due, issue execution, and have it collected as in other cases by execution.

Let us test the correctness of this by the language of the Code, and by the reason of the thing.

This is a question of construction of statutes. All concede that the meaning of the Legislature is the law. This meaning is to be ascertained from the language used, with such light thrown on this as can be had from a knowledge of the evil to be remedied. We look at the latter means first. The evil was, that there was a class of cases where a party had a right such as could be enforced, from its nature, by the principles of a court of equity. But that court was limited in the exercise

of its jurisdiction to sums of fifty dollars or over. It was intended to furnish a remedy in such cases, and give courts that already had jurisdiction under this sum to give the relief which a court of equity could give on the right, if the sum had been sufficient. That this is the purpose of the statute, we take it, no one can seriously doubt, when we look at the facts stated, and then at the language used. We need go no further back at present than the Code. It contains the former statutes conferring this jurisdiction, revised by the compilers, and re-enacted by the Legislature. It may be stated that the old Act of 1817, we believe is its date, had given jurisdiction to inquire into the consideration of sealed instruments, and decide such cases on principles of equity. The Act of 1857 amended this statute by the language found in the Code. We look to the sections of the Code embodying these statutes and re-enacting them. In the summary of jurisdiction of justices of the peace, Code, sec. 4123, jurisdiction is given in, among other cases, all equity cases where the subject matter (not the sum due) does not exceed fifty dollars. Thus it is clear where the subject matter is under fifty dollars the justice has jurisdiction of equity causes. He had jurisdiction of all sums to render judgment for or against the one party or the other, before these statutes. Section 4124 then defines this jurisdiction, and is: "Any justice of the peace, and any court of this State, before

5—VOL. 4.

whom any cause may be pending, by appeal or otherwise, where the subject matter does not exceed fifty dollars, shall hear and determine such cause upon principles of equity, and render such judgment or decree as the merits of the case may require, as fully, and in the same manner, as courts of chancery."

Is this an equity cause, and the subject matter less than fifty dollars? If so, the statute gives the mode of proceeding in such a case, and tells plainly what the right of the party is—to have the cause determined on principles of equity; that is, as a court of equity, and not as a justice would have done before on the rules of the common law. It could not be seriously maintained that equity here means simply on the natural justice of the case, for this would be to give no rule, but leave the measure of much justice as variable as the notions of the magistrate, or even as uncertain, as the well known illustration, the length of his foot.

When it is determined, however, what is the procedure? He is to decide the case on its merits, guided by equitable rules instead of legal rules, and then render a judgment for or against the one party or the other, as legal right shall be, or if the case demand it, shall render a decree on the merits of the case, as fully, that is as completely, and in the same manner as a court of chancery.

The majority hold he shall do no such thing, but only render a judgment for the debt, and issue an execution. If this is not a repeal of the

statute by this Court, I am unable to understand what would be.

The test of the question is, to formulate the principle of their holding, and then give the language of the Code. If they are contradictory the one to the other, then they cannot stand together, and one or the other must go down. Which ought to yield, I had always thought a question beyond the need of argument. The enactment of the law-making power, I had always understood, was imperative and controlling on the courts, and could only be stricken down by being found in violation of the Constitution.

Let us apply the test suggested. The holding is, that in an equity cause, where there is a right by the well known principles of equity, there shall be a simple judgment in favor of the plaintiff for his debt, and execution.

The statute says you shall render such judgment or *decree* as the merits of the case require, as fully and in the same manner as a court of chancery. Who makes the rule in this case, the Court or the Legislature?

The case is a case of a lien on real estate to discharge a debt for taxes. A judgment for the plaintiff is no more than he has before, or its equivalent, for the tax book is that, and you give him no more.

We have held at this term, in the Duncan case, that on precisely this state of facts, the decree to

be rendered by the court of chancery is, that the land be sold and proceeds applied to the sum due, and which was a lien on the land.

The Code says you should render such a decree as a court of chancery should give—a decree "on the merits, as *fully* and in the same manner as courts of chancery." Does the holding of the majority do this? This is what the facts required. If in a court of chancery, it is what would have been decreed. Why shall not the party have it here? The jurisdiction in equity causes is given to the justice, but the holding is that he cannot exercise it. The requirement is a decree in the same manner a court of chancery would decree. The holding is, this cannot be. For what reason, I am unable to see, except that it is not thought good policy, or this view, if acted on, we would have our hands full in this Court, or to hold the Legislature to the best policy, in addition to conformity to the Constitutions, State and Federal. This holding simply repeals the jurisdiction in equity cases conferred by the statute in our State, for who can point out a case where the justice can exercise it, unless he can render a decree "in the same manner as a court of chancery" on all demands for money, to the extent of his jurisdiction? He can by other statutes give a simple judgment. He cannot now render a decree in cases under fifty dollars, and a simple judgment will not enforce equity jurisdiction or the rights acknowledged by the principles of equity.

Smith *v.* Nashville.

Believing the holding simply repeals a statute of the State, and substitutes in its stead a rule prescribed by this Court, I dissent earnestly but respectfully from the opinion of the majority.