## E. G. MALONE v. N. M. DEAN.

CHANCERY JURISDICTION. Chancery court has no jurisdiction to enforce the vendor's equitable lien, where the amount of the demand is less than $50.

### FROM OBION.

Appeal from the Chancery Court at Troy. JNO. SOMERS, Ch.

S. M. HOWARD for complainant.

J. G. SMITH for defendant.

MCFARLAND, J., delivered the opinion of the court.

This is a bill in the chancery court to enforce a vendor's lien upon a tract of land which had been sold and conveyed by deed. The bill exhibits the

note with the credits endorsed, as the evidence of the balance claimed, from which it appears that the amount is less than $50—in fact less than $25. Upon motion of the defendant the chancellor dismissed the bill for want of jurisdiction, and the complainant has appealed.

It is first argued on behalf of the complainant, that in respect to the question of jurisdiction, the amount of the "demand" is to be governed by the amount of the note in the first instance, without regard to the credits. For this position the case of *Spurlock* v. *Foulks*, 1 Swan, 289, is relied upon; the authority, however, does not sustain the position assumed. The case holds that the amount of the debt or demand "*sued for*," determines the jurisdiction, and not the amount found to be due on the hearing. Hence, if the complainant had sued for or demanded in his bill the whole amount of the note, or as much as $50, and the credits reducing the balance below that sum had been introduced by the defense, the jurisdiction would not be defeated. But the complainant exhibits the note with the credits, expressly referring to the latter, and in terms only "sues for" or demands the balance, which from simple calculation appears to have been at the filing of the bill less than $25. But it is insisted that as there is no other tribunal having jurisdiction to enforce the vendor's lien, a court of chancery has jurisdiction in such cases without regard to the amount. The jurisdiction of the court is is declared in the following sections of the Code: 4280. "They have exclusive original jurisdiction of all cases of an equitable nature, where the debt or

22—VOL. 9.

demand exceeds fifty dollars, unless otherwise provided by this Code." 4281. "They have no jurisdiction of any debt or demand of less value than fifty dollars." 4282. "They have exclusive jurisdiction to aid a creditor, by judgment or decree, to subject the property of the defendant which cannot be reached by execution, to the satisfaction of the judgment or decree under the provisions of this Code."

This court held, in *Putnam* v. *Bently*, 8 Baxt., 84, that in cases falling under the latter section, the jurisdiction was not limited as to the amount. That is to say, where a creditor by *judgment* or *decree* is seeking to reach the property of the debtor which cannot be reached by execution. This conclusion was reached by a construction of the three sections together. The first two sections being held to have reference to cases of original jurisdiction, and the last section to cases of auxiliary jurisdiction, which is exclusively conferred upon the chancery court without the express limit embraced in the other sections. The present case does not fall within *Putnam* v. *Bently,* for the reason that complainant is not a creditor by *judgment or decree,* seeking to reach property of the defendant which cannot be reached by execution.

The question is, shall we make a still further exception to the positive provisions of sections 4280 and 4281, and hold that where there is no other remedy for the enforcement of the right, that the chancery court has the jurisdiction without regard to the amount? I am unable to see how this can be done, without utterly ignoring the positive language of the sections

referred to. The argument is, that the limit does not apply to cases where there is no other remedy, or, in other words, to cases where the jurisdiction of the chancery court is exclusive; in other words, if the chancery court has exclusive jurisdiction to enforce the particular right, then there is no restriction as to the amount.

If this be true, then in what cases would the limit of $50 apply, as the law stood when the statutes from which sections 4280 and 4281 were enacted? the former being from the act of 1835, ch. 20—the latter from the act of 1801, ch. 11.

If the limit did not apply in cases where there was no other remedy, or in other words, where the jurisdiction was exclusive, it would logically follow that it could not apply in cases where the jurisdiction was concurrent with some other court. But section 4280 declares that "They have *exclusive original* jurisdiction in all cases of an equitable nature where the debt or demand exceed fifty dollars, unless otherwise provided by this Code." So that the cases where the jurisdiction is limited to sums of fifty dollars and upwards, are by the very words of the statute, cases of *exclusive* jurisdiction. If it had been meant that there was no limit as to amount where there was no other remedy or where the jurisdiction was exclusive, why add " where the debt or demand exceeds fifty dollars." At the time these statutes were enacted, I take it that pretty much all the jurisdiction the chancery court had was *exclusive*. Cases of concurrent jurisdiction at that time were rare. But section 4281 is more emphatic,

. Malone *v.* Dean. .

It declares that "They have no jurisdiction of *any debt or demand* of less value than fifty dollars." If we follow this plain and positive statute, we must hold that the chancery court has no jurisdiction of the *debt or demand,* and yet we are asked to hold that the court· has jurisdiction to enforce the lien for the payment 'of the debt. But to repeat, if we· hold that the limit' as to amount does not apply to a case like this, to what cases does it apply?

In what character of cases will sections 4280 and 4281 be held to operate? Especially to what cases did 'these provisions apply when the statutes were enacted? The only answer consistent with the argument on the other side on the question, would be that the limit applies not to cases where there is no other remedy, but to cases where there is another remedy. But' by the very terms of sec. 4280, it applies to cases of *exclusive original* jurisdiction in the chancery court. In fact it was a rule of almost general application, that the chancery court had no jurisdiction at all if there was an adequate remedy at law.

I am not prepared to concede the proposition upon which the whole argument for the jurisdiction rests, that is to say, that there is no other remedy to enforce the lien in a case like this. Why may not an attachment at law before a justice of the peace be sued out and prosecuted for the enforcement of the lien? Other liens upon real estate as well as personal property are enforced in this mode, as, for instance, mechanic's liens, and others of a similar character.

There is no express statutory authority for it in a

Malone *v.* Dean.

·case like this, but to say the least of it, there are less difficulties in the way of such jurisdiction than` we ·are met with in the effort to maintain the jurisdiction in the chancery court.

But if we were even forced· to admit that there is no other remedy for the enforcement of such a lien', it is no answer to the plain language of the statute. It would simply result that the law does not recognize or make provision for the enforcement of such liens where the amount is less than $50. And in view of the expense attending proceedings in chancery, the denial of the remedy in that tribunal would be no great hardship. The creditor, of course, still has ·his remedy for the debt.

· It is true it was held, in *The State* v. *Covington,* 4 Lea, 51, that justices of the peace have no jurisdiction to entertain proceedings in the nature of a bill in chancery for the enforcement of liens, and it was said that there is no necessity for such holding in order to meet the defect in chancery jurisdiction. "For," says Judge Cooper, "although by the .Code, sec. 4281, chancery courts are declared to have 'no jurisdiction of any debt or demand of less value than fifty dollars,' yet this restriction only applies when the jurisdiction turns wholly upon the amount involved." "If," he adds, "the jurisdiction to grant the relief sought is exclusively conferred upon the chancery court, the limitation does not apply." But for this the construction given to sec. 4282, in *Putnam* v. *Bentley,* and another similar case, is referred to, which shows that ·nothing further was intended than the recognition of

these cases.    At all events, the point decided in *The State* v. *Covington,* was simply that a proceeding in the nature of a bill in chancery does not lie before a justice of the peace to enforce a lien.

The vendor's lien upon land has long been recognized as an appropriate head of chancery jurisdiction, and was so recognized at the time the statutes in question were enacted, and yet there is no exception made in favor of such cases as to the amount involved, and I presume no case can be found in our reports where a bill for the enforcement of such a lien has been sustained, where the amount involved is less than fifty dollars.

If the jurisdiction is maintained in a case like this, I should be at a loss to know in what cases of chancery jurisdiction, as it existed at the passage of the acts of 1801 and 1835, the limit of $50 would apply.

I am of opinion that the decree of the chancellor dismissing the bill for want of jurisdiction, should be affirmed, and the court concurring, it is so ordered.

Affirmed with costs.