## FRAZIER v. BROWNING.

CHANCERY JURISDICTION. *Ejectment.* By the act of 1877, ch. 97, the chancery court has the same jurisdiction as the circuit court in all cases of ejectment for land. The fact that the land is of less value than fifty dollars does not deprive the chancery court of jurisdiction.

FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

T. E. HARWOOD for Kelton.

CALDWELL & CALDWELL for Taylor.

FREEMAN, J., delivered the opinion of the court.

This bill is filed, October, 1879, to enjoin the execution of a writ of possession in an action of forcible entry and detainer, in which defendant had recovered possession of part of about one acre of land from complainant, and seeks also to have complainant's title declared to the whole of the one acre, or thereabouts, in dispute between the parties.

We have carefully examined the record, and without discussion at large, give our conclusions.

Before doing so, however, it is proper to dispose of a question of law presented by a plea in abatement filed by defendant. This plea raises the question, whether the chancery court has jurisdiction of the subject-matter, by averring that the matter in controversy is not of the value of fifty dollars.

It is now, after some fluctuation, the settled rule of this court that the court of chancery has not jurisdiction in ordinary cases where the matter is less than fifty dollars, sections 4280 and 4281 being distinct and clear on this question. See *Malone* v. *Dean*, 9 Lea, 336. But by the act of 1877, ch. 97, p. 119, to increase the jurisdiction of the chancery court, it is enacted, "that jurisdiction of all civil causes of action now triable in the circuit court, except for injuries to person, property or character, involving unliquidated damages, are hereby conferred upon the chancery court, which shall have and exercise concurrent jurisdiction thereof along with the circuit court." By Code, sec. 4230, the circuit courts have

jurisdiction concurrent with justices to the extent of the jurisdiction of the latter, of all debts and demands on contract over fifty dollars; and by the general provisions of the Code regulating the action of ejectment, that court had jurisdiction in all cases of ejectment for land. It is certain the circuit court could have tried and determined the title involved in this case. It is not excluded by the limitation cited, this not being a debt or demand on contract, but a suit for the recovery of possession of land, after an adjudication of the title. It is, in fact, an ejectment bill, or an action of ejectment in the chancery court. This being so, the court of chancery, by the act of 1877, has the same jurisdiction as the circuit court. The matter being of legal cognizance, the chancery court, by this act, has concurrent jurisdiction with the court of law in such a case. The case of *Malone* v. *Dean* was a bill to enforce a vendor's lien, a matter of purely equitable jurisdiction, and not affected by the act of 1877.

&ast; &ast; &ast; &ast; &ast; &ast;

Upon the facts, the chancellor's decree is reversed, and the bill dismissed.