HARRISON T. TRITSCHLER v. TOM B. CART-
WRIGHT, Sheriff, et al. —333 S. W. (2d) 6.

Middle Section at Nashville. June 26, 1959.

Rehearing Denied July 23, 1959.

Certiorari Denied by Supreme Court March 11, 1960.

Elkin Garfinkle and Barksdale, Hudgins & Osborn, Nashville, for complainant.

Shelton Luton, County Attorney, and Elmer D. Davies, Jr., Nashville, for defendants.

FELTS, J. Complainant's taxable personalty in Davidson County in 1955 was assessed for state and county taxes at $1,400, the amount of the tax being $32.48. He refused to pay and a distress warrant for $32.48, plus $10.24 interest, penalty and costs, totaling $42.72, was issued and levied on one of his automobiles. He brought this suit in the Chancery Court to enjoin the writ and to annul the assessment.

The suit was apparently brought as a test case to invalidate the assessments of personalty generally as made in Davidson County. It was charged that in making such assessments the Tax Assessor employed a "system" that was arbitrary, capricious and violated the statute (Acts 1907, ch. 602, now T. C. A. secs. 67-601—67-644), in a number of particulars set out, so that the assessments were void. An injunction issued as prayed.

Answer was filed and the case heard before the Chancellor upon proofs by depositions. He held that the "system" used by the Assessor was arbitrary and violated the statute, so that any assessment made thereunder was illegal and void; and he entered a decree declaring the assessment of complainant's personalty void, and making the injunction permanent.

Defendants appealed and insist that the matters complained of were mere irregularities, or failures to follow

the provisions of the statute which were only directory, not mandatory; that such matters could be corrected before the Board of Equalization but were not subject to collateral attack by bill in Chancery; and that the Chancellor erred in holding this assessment of complainant's personalty void and in granting him any relief.

During the oral argument of counsel upon the hearing of the case here, one of the members of this Court (Judge Shriver) raised the question whether the amount in suit, being under $50, was beneath the jurisdiction of the Chancery Court; whether the Court had jurisdiction of the subject matter of this case.

It was, of course, proper to do this; for jurisdiction of the subject matter cannot be waived or conferred by consent, but may be raised at any time, by either of the parties or by the Court. If the Chancery Court had no jurisdiction of the subject matter in this case, the only decree that could be entered by that Court or this Court would be a dismissal of the suit. Baker v. Mitchell, 105 Tenn. 610, 59 S. W. 137; Reynolds v. Hamilton, 18 Tenn. App. 380, 385, 77 S. W. (2d) 986, 988; Manning v. Feidelson, 175 Tenn. 576, 578, 136 S. W. (2d) 510; Oliver v. Local or Subordinate Lodge No. 656, 182 Tenn. 236, 240, 185 S. W. (2d) 525, 527.

The original, inherent, or equitable jurisdiction of our Chancery Court derived from that of the High Court of Chancery of England. From very early times that Court refused to entertain a suit where the value in dispute was too trivial to justify the Court in taking cognizance of it. One of Lord Bacon's ordinances in chancery was that "all suits under the value of £10 are regularly to be dismissed." Allen v. Demarest, 41 N. J. Eq. 162, 164, 2 A.

655, 656; Story's Equity Pleadings (8th ed.), sec. 500; 30 C. J. S. Equity sec. 15, p. 335.

The rule was that the original inherent equity jurisdiction of the Chancery Court did not extend to a case where the amount or value in dispute was less than $50. "From early times, the Chancery Court refused to entertain suits involving only small amounts, considering such litigation to be unprofitable to the suitors and wasteful of the Court's time." 1 Crownover's Gibson's Suits in Chancery (5th ed.) sec. 32.

In Allen v. Demarest, supra, referring to the rule that the inherent equity jurisdiction of a court of chancery does not extend to a case where the amount or value in suit is less than $50, and that such a suit must be dismissed, the Court said:

"It was designed to prevent expensive and mischievous litigation about trifling matters, which, in consequence of the insignificance of the amount involved, would do the parties themselves more harm than good, and might occasion injurious delay to other suitors. An attempt to redress, by a suit in equity, a wrong which has resulted in a loss of less than $50, will, as a general rule, result in an aggravation of the wrong rather than in remedying it. Courts of equity sit to administer justice in matters of substantial interest, not to gratify the passions of the litigants, nor to foster a spirit of vexatious litigation" (citing authorities), 41 N. J. Eq. 164, 2 A. 656.

It was declaratory of this equity rule that the Legislature of Tennessee passed an Act in 1801 (ch. 6, sec. 1) which provided that "the court of equity shall not have

jurisdiction of any debt or demand of less value than $50," which Act has ever since been continued as a part of our statute law, without material modification, and is now part of Tennessee Code Annotated, sec. 16-603. See McNew v. Toby, 25 Tenn. 27, 28; 1 Gibson, supra.

Our statutes defining the jurisdiction of the Chancery Court in respect of the amount involved, which were the Act of 1801, and the Act of 1835-6 (ch. 4), were compiled in our first official Code of 1858 as follows:

"4280. They [Chancery Courts] have exclusive original jurisdiction of all cases of an equitable nature, where the debt or demand exceeds fifty dollars, unless otherwise provided by this Code.

"4281. They have no jurisdiction of any debt or demand of less value than fifty dollars.

"4282. They have exclusive jurisdiction to aid a creditor, by judgment or decree, to subject the property of the defendant which cannot be reached by execution, to the satisfaction of the judgment or decree, under the provisions of this Code."

These three sections were continued as a part of our 1932 Code (secs. 10350, 10351, 10352) and carried into Tennessee Code Annotated as sections 16-603, 16-604, which are as follows:

"16-603. Jurisdiction of equity causes.—It [Chancery Court] has exclusive original jurisdiction of all cases of an equitable nature, where the debt or demand exceeds fifty dollars ($50.00), unless otherwise provided by this Code. It has no jurisdiction of any debt or demand of less value than fifty dollars ($50.-00), unless otherwise specifically provided.

"16-604. Proceedings in aid of execution.—It has exclusive jurisdiction to aid a creditor, by judgment or decree, to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment or decree under the provisions of this Code."

These sections deal with two different classes of jurisdiction: (1) the Court's inherent equity jurisdiction and (2) its auxiliary jurisdiction. Section 603 (4280-4281) added nothing new but was merely declaratory of the Court's pre-existing jurisdiction, while section 604 (4282) gave the Court an added or auxiliary jurisdiction to aid a judgment creditor to subject property that could not be reached by execution at law.

Section 603 declares the Chancery Court has *"exclusive original jurisdiction* of *all* cases of an *equitable* nature"* of a value of more than $50, but not of cases of less value, unless otherwise expressly provided by this Code. Thus, this limit as to amount applies to *"all* cases" of the Court's inherent equity jurisdiction, while section 604 gives the Court this auxiliary jurisdiction without limit as to the amount. Such is the construction that has been given these statutes.

In Putnam v. Bentley, 1874, 67 Tenn. 84, 85, a judgment creditor filed a bill to subject an equitable interest of his debtor in property that could not be reached by execution. It was held that, though the amount in suit was less than $50, the Court had jurisdiction of it under section 4282 (604), because that section conferred this auxiliary jurisdiction without limit as to the amount.

But in Malone v. Dean, 1882, 77 Tenn. 336, it was held that the Chancery Court had no jurisdiction of the sub-

ject matter of a suit to enforce a vendor's lien on land for a sum less than $50, since such a case was one of "an equitable nature," under sections 4281 and 4282 where the Court's jurisdiction is limited to sums of $50 and upwards; and that this was true even if there was no other remedy for enforcement of a lien of such a small sum. The Court said:

"But if we were even forced to admit that there is no other remedy for the enforcement of such a lien, it is no answer to the plain language of the statute. It would simply result that the law does not recognize or make provision for the enforcement of such liens where the amount is less than $50. And *in view of the expense attending proceedings in chancery, the denial of the remedy in that tribunal would be no great hardship.* The creditor, of course, still has his remedy for the debt" (italics ours, 77 Tenn. 341).

On the other hand, in Tinsley v. Bryan, 1922, 148 Tenn. 256, 255 S. W. 49, it was held that the Chancery Court had jurisdiction of a suit by a creditor to set aside a fraudulent conveyance of his debtor's property and subject it to his debt, even though the debt was less than $50, because such a suit was not within the Court's inherent jurisdiction under sections 4280-4281, but within its auxiliary jurisdiction under sections 4282 and 4291, which conferred such jurisdiction without limit as to the amount.

After considering these statutes, and reviewing the Putnam case and the Malone case, the Court summarized its conclusion as to a proper interpretation of these statutes as follows:

"Reconciling Malone v. Dean, and Putnam v. Bentley, the correct interpretation of these articles would seem to be that the jurisdiction of a chancery court is limited by the amount only in those cases of an equitable nature where the chancery court has exclusive original jurisdiction, and that there was no intention to limit the jurisdiction of the chancery court by the amount in those cases where the court had exclusive ancillary jurisdiction in the enforcement of a claim or a demand" (Tinsley v. Bryan, supra, 148 Tenn. 261, 255 S. W. 50).

In Covert v. Nashville, C. & St. L. Ry., 186 Tenn. 142, 148, 208 S. W. (2d) 1008, 1010, 1 A. L. R. (2d) 154, passengers sued in the Chancery Court to recover overcharges illegally exacted from them by the Railway. The Chancellor sustained a demurrer upon the ground that, since each claim was distinct and for less than $50, the Court had no jurisdiction of the suit. On appeal this ruling was affirmed, and the Court quoted the above excerpt from Tinsley v. Bryan and reaffirmed that interpretation of our statutes.

So the well-settled rule is that jurisdiction of the Chancery Court is limited by the amount (of $50 or upwards) only in those cases of an equitable nature where the Chancery Court has exclusive original jurisdiction, under section 603 (4280-4281), but is not limited as to the amount in other cases of auxiliary or ancillary jurisdiction conferred by other statutes without regard to amount.

Under this well-settled rule, we think the Chancery Court had no jurisdiction of the subject matter in the case before us. In this case the tax books and the assess-

ment, after becoming delinquent, had the "force and effect of a judgment and execution from a court of record" (T. C. A. sec. 67-1305). St. Louis Basket & Box Co. v. Lauderdale County, 146 Tenn. 413, 415, 241 S. W. 99, 100; Alexander v. Henderson, 105 Tenn. 431, 435, 58 S. W. 648, 649.

So, this was a suit to enjoin an execution and annul a judgment upon the ground that the assessment was void. "All suits to have void judgments so declared and to avoid voidable judgments," are suits of an equitable nature within the inherent exclusive original jurisdiction of the Chancery Court (1 Crownover's Gibson's Suits in Chancery, sections 29(29), 860), and such jurisdiction is limited to cases of $50 and upwards. For these reasons the only decree which we can enter is one of dismissal and adjudication of the costs (T. C. A. sec. 20-1612).

It should perhaps be stated that since this suit was brought and while it was pending on appeal, the Legislature passed Public Acts of 1959, chapter 279, which materially amended our laws relating to the assessment of personalty, and which largely effected the objects sought to be accomplished in this suit and rendered it more or less moot.

For the foregoing reasons, the decree of the Chancery Court is reversed and the suit is dismissed at the cost of complainant.

## On Petition to Rehear

Complainant, by petition to rehear, complains of our holding that the Chancery Court had no jurisdiction of this suit because it was a case of "an equitable nature" under the value of $50, within the rule limiting that

court's jurisdiction to cases above that amount (T. C. A. sec. 16-603).

It is urged that the rule does not apply to a case like this; that the Chancery Court has jurisdiction of such a case however trifling its amount; that this jurisdictional limit as to amount does not apply to a suit, such as this, to establish a *right*, but only to a suit to recover a "debt or demand"—only "when the jurisdiction turns wholly upon the amount involved."

This argument, we think, is unsound. As we have seen, the original equity rule was that the Chancery Court would not take jurisdiction of suits about "trifling matters," or suits under the value of 10 pounds ($50).[1] This limit as to amount applied in *all* cases in that court, and our statutes declared and continued it in force in *"all* cases" within the court's inherent or "exclusive original jurisdiction" (1858 Code secs. 4280-4281, now T. C. A. sec. 16-603).

As we have seen, this section (603) was declaratory of the court's pre-existing *"exclusive original* jurisdiction," while other statutes, passed from time to time, have given that court an added or *auxiliary* or *ancillary* jurisdiction (1858 Code secs. 4282 (T. C. A. sec. 16-604), 4288 (T. C. A. sec. 23-1001), 4291 (T. C. A. sec. 23-1004); Acts 1877, Ch. 97; Acts 1915, Ch. 47 (T. C. A. sec. 16-602); Acts 1923, Ch. 29 (T. C. A. sec. 23-1102).

Section 603 declares that the Chancery Court "has *exclusive original* jurisdiction of all cases of an equitable nature, where the debt or demand exceeds fifty dollars

---

[1] Chancellor Kent, Moore v. Lyttle, 4 Johns. Ch., N.Y., 183; Allen v. Demarest, 41 N.J. Eq. 162, 2 A. 655; Story's Equity Pleadings (8th Ed.), secs, 500-502.

($50.00),''. but "has no jurisdiction of any debt or demand or less *value* than fifty dollars ($50.00), unless otherwise specifically provided."

This jurisdictional limit as to amount has not been narrowly restricted to suits to recover a debt or demand, but has been generally applied to *all cases* of an "equitable nature" under the *value* of $50. Thus, the court's inherent or *"exclusive original"* jurisdiction turns upon two things: (1) the *nature* of the right and (2) the *amount* involved; that is, a case must have both requisites —must be (1) of "an equitable nature" and (2) of a *value* above $50—to come within this class of the court's jurisdiction.

But the above mentioned statutes, which have given the Chancery Court its other class of jurisdiction, its auxiliary or ancillary jurisdiction, have conferred such jurisdiction without limiting it as to amount. So, this auxiliary or ancillary jurisdiction turns not upon the amount involved but only upon the nature of the right of cause sued on—i. e., whether it comes within any of the cases defined by these statutes.

Such is the construction that has been given our statutes—the one dealing with the court's *"original"* jurisdiction and the others conferring its ancillary jurisdiction. Putnam v. Bentley, 67 Tenn. 84, 85; Malone v. Dean, 77 Tenn. 336; Frazier v. Browning, 79 Tenn. 253; Tinsley v. Bryan, 148 Tenn. 256, 261, 255 S. W. 49, 50; Covert v. Nashville, C. & St. L. Ry., 186 Tenn. 142, 148, 208 S. W. (2d) 1008, 1 A. L. R. (2d) 154.

We cite two of these cases as illustrating the requisites of each class of the court's jurisdiction.

First, Malone v. Dean, supra, was a suit to enforce a vendor's lien on land for less than $50. Thus, it was a case (1) of an "equitable nature" (under sections 4280-4281 (603)), but not (2) of a *value* above $50. So, for lack of this latter requisite, the court had no jurisdiction of the case, even though there was no other remedy available.

Second, Putnam v. Bentley, supra, was a suit for less than $50 by a judgment creditor (under section 4282) to subject an equitable interest of his debtor that could not be reached by execution. Thus, since the case was one within the court's ancillary jurisdiction under that statute, and the jurisdiction turned upon that fact alone and not upon the amount involved, the court had jurisdiction without regard to the amount.

In Frazier v. Browning, supra, the Court said it was settled "that the Court of Chancery has not jurisdiction in ordinary cases where the matter is less than $50.00, sections 4280-4281 being distinct and clear on this question. See Malone v. Dean, 9 Lea [336] 339 [77 Tenn. 336, 339]."

In Covert v. Nashville, C. & St. L. Ry., supra, [186 Tenn. 142, 148, 208 S. W. (2d) 1010] the Court pointed out that the "jurisdiction of the chancery court is limited by the amount only in those cases of an equitable nature where the chancery court has exclusive original jurisdiction"; that its ancillary jurisdiction is not limited by amount; and the Court further said:

" 'The term "original jurisdiction" of cases of an equitable nature evidently refers to that class of cases where the right of action itself is of an equitable nature, and not to those cases where the remedy

is of such a nature as that a court of chancery only can apply.' Tinsley v. Bryan, 148 Tenn. 256, 261, 255 S. W. 49, 50."

Petitioner strongly relies on State v. Covington, 72 Tenn. 51, 58. That case, however, did not involve any question of jurisdiction of the Chancery Court, but only that of a Justice of the Peace—whether he could entertain a bill in the nature of a bill in Chancery to enforce a lien on land for less than $50. The Court held he could not, but went on to use the language relied on:

"For although by the Code, section 4281, Chancery Courts are declared to have 'no jurisdiction of any debt or demand of less value than fifty dollars,' yet this restriction only applies when the jurisdiction turns wholly upon the amount involved. If the jurisdiction to grant the relief sought is exclusively conferred upon the Chancery Court, the limitation does not apply." 72 Tenn. 58.

With deference to the learned author, this statement that "this restriction applies only when the jurisdiction turns wholly upon the amount involved," seems to be not only a dictum but also an inaccuracy. As we have seen, the court's original jurisdiction turns upon both (1) the *nature* of the right and (2) the *amount* involved, while its ancillary jurisdiction turns not upon the amount but only on the nature of the right or cause sued on; so there is really no case where "the jurisdiction turns *wholly* upon the amount involved."

And this dictum was expressly disapproved by the court in Malone v. Dean, supra, 77 Tenn. 341, 342, and is contrary to the later cases of Tinsley v. Bryan, supra and Covert v. Nashville, C. & St. L. Ry., supra.

This dictum, however, was still quoted with approval in Kenyon v. Russell, 5 Tenn. App. 401, 403, relied on by petitioner. That case, however, was a suit for damages, alleged to be in "excess of two thousand dollars," for breach of warranty of title to 5/8 undivided interest in 200 acres of land. It was, therefore, not within the court's original jurisdiction, but its auxiliary jurisdiction (Acts 1877, Ch. 97; Acts 1915, Ch. 47 (T. C. A. sec. 16-602)); and the quotation referred to was wholly beside the mark.

Petitioner cites Rutherford v. City of Nashville, 168 Tenn. 499, 79 S. W. (2d) 581, and DeLay v. City of Chattanooga, 180 Tenn. 316, 174 S. W. (2d) 929. These suits were filed under the Declaratory Judgments law (T. C. A. sec. 23-1102); and no question of the court's jurisdiction was involved.

Petitioner relies on Wise v. McCanless, 183 Tenn. 107, 191 S. W. (2d) 169, as supporting his contention that the Chancery Court has jurisdiction of a suit to establish a right though no property or value is involved.

In that case, Wise paid for and was issued a license to operate a liquor store for a year and *"invested his capital and efforts in the business."* The Commissioner made a regulation which would have had the effect of cancelling his license and destroying his business, without any fault on his part. It was held that he had a right to enjoin enforcement of the regulation, despite the fact that the Act provided that no person should be deemed to have "a property right" in such license. Obviously, this case does not support petitioner's contention.

Petition also contends that his suit was really a suit "for the recovery of his 1949 Plymouth automobile which

had been seized under void process," and which was worth $250; and that the suit was, therefore, above the jurisdictional limit and within the jurisdiction of the Chancery Court.

The suit, however, was not a suit in replevin or in detinue for possession of his car, but was a suit to annul the assessment of his personalty, and to enjoin enforcement of a distress warrant which had issued for his delinquent taxes in the sum of $32.48 (plus $10.24 interest and personalty, totaling $42.72), and had been levied on the car.

He alleged that the officers, unless restrained by injunction, would sell the car; and an injunction issued restraining and prohibiting defendants from *"withholding your complainant's 1949 automobile from him,"* and restraining them from selling the car or taking any further step to collect the tax.

This injunction was issued and served on the defendants and, in obedience to its mandate, they ceased *"withholding"* it, released it to him. This is recognized by the final decree, which made the injunction permanent, discharged complainant and his sureties on his injunction bond, and adjudged his assessment to be void.

In such a case as this, it is well settled that the tax book and the assessment, after becoming delinquent, have the "force and effect of a judgment * * * from a court of record" (T. C. A. sec. 67-1305). St. Louis Basket & Box Co. v. Lauderdale County, 146 Tenn. 413, 415, 241 S. W. 99, 100; Alexander v. Henderson, 105 Tenn. 431, 435, 58 S. W. 648, 649.

And this suit was a suit to have this judgment declared void and to enjoin its execution, upon the ground that the assessment was void. Such being the case, it was a suit within the inherent, or "exclusive original" jurisdiction of the Chancery Court.

"All suits to have void judgments so declared and to avoid voidable judgments" are suits of an equitable nature within the inherent or "exclusive original" jurisdiction of the Chancery Court (1 Crownover's Gibson's Suits in Chancery (5th ed.), sec. 29(29), id., sec. 860, pp. 62-64); and such jurisdiction is limited to cases of $50 and upwards (T. C. A. sec. 16-603).

Petitioner, however, insists that he should be allowed to maintain this suit in the Chancery Court to annul this assessment and the judgment thereon as void, and to enjoin its enforcement, because it is the only remedy which he had to obtain relief from this allegedly void assessment of his personalty for state and county taxes.

This, however, is a mistake. Petitioner had other remedies for relief. If his assessment was illegal or void, he might have asked a review of the assessment by the County Board of Equalization, and later by the State Board of Equalization. T. C. A. secs. 67-801 to 67-818, 67-821 to 67-830; Bank of Commerce & Trust Co. v. Senter, 149 Tenn. 569, 594-595, 260 S. W. 144.

And if the assessment and the distress warrant issued thereon were void, petitioner had a remedy at common law by certiorari to quash the execution. "The writ of certiorari does afford a proper remedy against a distress warrant illegally issued to collect taxes. Spears v. Loague, 6 Cold. 420 [46 Tenn. 420]; Mayor, etc. v. Pearl,

11 Humph. 249 [30 Tenn. 249]." Alexander v. Henderson, 105 Tenn. 431, 435, 58 S. W. 648, 649.

█ Petitioner further contends that he has a right to maintain this suit as a class suit for himself and all other persons similarly situated; that this suit involves the validity of all personalty assessments in Davidson County since 1955, and that it, therefore, "actually involves tens of thousands of dollars."

This suit, however, was not brought as a class suit, not brought for or on behalf of anyone except complainant or petitioner; and it cannot be maintained as such a suit. See Covert v. Nashville, C. & St. L. Ry., supra.

The petition to rehear is denied at petitioner's cost.

Hickerson and Shriver, JJ., concur.