ROBERT SHEFFY *et al. v.* GEORGE M. MITCHELL *et al.*

(*Knoxville.*    September Term, 1919.)

1. **ELECTIONS.** Quarterly county court has no jurisdiction over election contest.

The quarterly county court has no jurisdiction to entertain election contest under Thomp. Shan. Code, sections 1308, 1315-1317, giving the "county court" jurisdiction thereof; the term "county court" having reference to the quorum court, presided over by the county judge or county chairman. (*Post, pp. 50, 51.*)

Cases cited and approved: Johnson v. Brice, 112 Tenn., 68; Puckett v. Springfield, 97 Tenn., 264.

Codes cited and construed: Secs. 1308, 1315, 1316, 1317 (T.-S.).

2. **ELECTIONS.** Jurisdiction of court in election contest can be raised in circuit court.

In election contest proceedings, the question of the jurisdiction of the quarterly county court to determine election contest can be raised for the first time in circuit court on appeal from judgment of quarterly county court, since, quarterly county court having no jurisdiction, its decree was absolutely void. (*Post, p. 51.*)

3. **JUDGMENT.** Want of jurisdiction invaidates judgment.

A court acting without jurisdiction is acting without authority of law and its decrees are absolutely void. (*Post, p. 51.*)

Cases cited and approved: New River Lumber Co. v. Tennessee Ry. Co. et al., 141 Tenn., ——; Agee v. De Ment, 20 Tenn., 332; Baker v. Mitchell, 105 Tenn., 610; White v. Buchanan, 46 Tenn., 32; Board v. Bodkin Bros., 108 Tenn., 700.

---

FROM GREENE.

---

Appeal from the Circuit Court of Greene County.—
Hon D. A. VINES, Judge.

SUSONG & BIDDLE and SWINGLE & SUSONG, for contestants.

SHOUN & TRIM and W. H. PIPER, for contestees.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the court.

This is an election contest involving the office of the two justices of the peace for the Seventh civil district of Greene county. The election was held August 1, 1918, and plaintiffs in error were the Democratic nominees and the defendants in error were the Republican nominees for said office. Sheffy received 111 votes, Carter received 109 votes, Mitchell received 109 votes and Pierce received 109 votes. Mitchell and Pierce filed this contest, and averred that there was a tie between the two petitioners and the defendant Carter, and that Sheffy received 111 votes. The petition then charges that 6 votes cast at the election were illegally received by the election officers, and that the 6 votes were cast for the contestees, and that when purged from the result the petitioners received the majority of the legal votes cast. The defendants did not answer this petition, judgment *pro confesso* was ordered against them by the court, and final judgment later in accordance therewith. The petition was filed in the quarterly county court, and the action taken upon it was in that court. The petitioners appealed to the circuit court, and the circuit judge held that they were bound by the judgment *pro confesso* in the quarterly court, and affirmed the action of the quarterly court. The petitioners have appealed to this court, and the error which will be

4—142 Tenn.

noticed in this opinion is that the quarterly county court had no jurisdiction of the case.·

We think it is true that the quarterly county court had no jurisdiction to entertain the petition or to hear and determine the controversy.

Sections 1308, 1315, 1316, and 1317 of Thompson's Shannon's Code are as follows:

Section 1308: "Contest, What, to be Heard by County Court.—The county court is authorized to hear and determine all cases of contested elections of justices of the peace, constables, county trustees, county registers, county court clerks, county surveyors, or rangers."

Section 1315: "Contests in Election of Justice.—Any candidate for justice of the peace, intending to contest the election, shall notify the sheriff of his intention, and the sheriff shall withhold the return in that case from the Governor until the contest is decided."

Section 1316: "Notice.—The contestant shall give ten days' notice to the opposing candidate or candidates that it is his intention to contest the election."

Section 1317: "Heard by County Court.—The county court shall hear and decide the contest."

It will be observed that section 1317 provides that the county court shall hear and decide cases of contested elections for the office of justice of the peace. The county court therein referred to is the quorum court, presided over by the county judge or county chairman. This court is judicial in its nature, and in the case of a county judge it must be presided over by one learned in the law. It would be difficult to conceive that the legislature meant for the quarterly county court,. composed as it is of men unlearned in the law, to try a con-

test which is judicial in its nature. These views are fully expressed in the case of *Johnson* v. *Brice,* 112 Tenn., 68, 83 S. W., 791. It is true that the contest involved in that opinion was not over the office of justice of the peace, but the court discussed the entire scheme of contested elections set forth in the Code, and said, *arguendo,* that the county court meant in the section above was the quorum court. This was said directly of a contested election over the office of register, etc. We approve the reasoning of the court with respect to contests over the office of justice of the peace.

We are cited to the case of *Puckett* v. *Springfield,* 97 Tenn., 264, 37 S. W., 2, in support of contestants' view that the quarterly county court had jurisdiction to hear and determine this suit. We do not think the case supports the proposition for which it is cited, and a reading of the case will clearly show that the question involved is not decided.

It is also said that the contestees could not raise the question of the jurisdiction of the quarterly county court in the circuit court for the first time. This is an erroneous view. A court acting without jurisdiction is acting without authority of law, and its decrees are absolutely void. *New River Lumber Co.* v. *Tennessee Ry. Co. et al.,* 141 Tenn., —, 210 S. W., 639; *Agee* v. *De Ment,* 1 Humph., 332; *Baker* v. *Mitchell,* 105 Tenn., 610, 59 S. W., 137; *White* v. *Buchanan,* 6 Cold., 32; *Board* v. *Bodkin Bros.,* 108 Tenn., 700, 69 S. W., 270.

It results that the circuit court is reversed, and the petition is dismissed, with cost.