IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JULY 18, 2007 SESSION

**DONALD T. ARENDALE v. GLENDA S. ARENDALE (SCHUETT)**

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-00-1466D. J. Alissandratos, Judge**

---

**No. W2005-02755-COA-R3-CV - Filed February 22, 2008**

---

The trial court entered an order modifying its earlier parenting plan. After the Court's judgment, the mother filed a motion attacking the jurisdiction of the Court to modify the prior order. The trial court overruled the motion. On appeal, we find that neither the child nor either of the parents have resided in Tennessee since 2002. Therefore, the trial court did not have subject matter jurisdiction to modify its prior order. We reverse and dismiss.

**TENN. R. APP. P.3; Appeal as of Right; Judgment of the Chancery Court Reversed**

BEN H. CANTRELL, SP.J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

James F. Arthur, III, Memphis, TN, for Appellant

Rachael E. Putnam, Memphis, TN, for Appellee

**I. PROCEDURAL HISTORY**

The parties, Glenda S. Arendale, Appellant and Donald T. Arendale, Appellee, were divorced by the Chancery Court of Shelby County in 2001. The parenting plan adopted by the court designated the mother as primary residential parent of the parties' four-year-old son.

In 2004, the father filed a petition seeking custody of the child. The mother filed an answer and counter-petition seeking to restrict the father's parenting time. After a hearing, the Court entered an order on August 26, 2005 modifying the parenting plan. Both parties appeared before the Chancellor seeking a modified order, which the Court

entered on September 12, 2005. The order designated the father as primary residential parent.

The mother filed a motion for a new trial on October 12, 2005 alleging that the Court lacked subject matter jurisdiction since both parties and the child had been residents of Mississippi since 2002. The Court overruled the Motion on November 28, 2005 and the mother filed her notice of appeal on the same day.

## II. IS THE APPEAL TIMELY?

At oral argument, the appellee moved to dismiss the appeal because the order of August 26, 2005 had become final before any post-trial motions or the notice of appeal had been filed.

The Court overrules the motion. Rule 59.05 of the Tennessee Rules of Appellate procedure provides that the trial court on its own initiative may alter or amend a judgment or order a new trial within thirty days after the entry of the original judgment. The courts have almost universally recognized that a judgment remains within the control of the trial judge until it has been on file for thirty days. Rule 59.05 makes it clear that the court on its own motion may alter or amend the judgment or order a new trial.

Further, in this case, the parties appeared before the Chancellor on September 7, 2005 seeking a modification of the August 26 order. Although a written motion had not been filed, the Court retained the power to enter a modified judgment. That judgment was entered on September 12, 2005, well within the thirty-day period from the August 26 order. After that, the appellant proceeded in a timely fashion to perfect the appeal.

## III.   DID THE TRIAL COURT HAVE SUBJECT MATTER JURISDICTION?

The appellant moved for a new trial on October 12, 2005 alleging that both parties and the child had been residents of Mississippi since 2002. The trial court overruled the motion on November 28, 2005, holding that the motion was untimely because it was not filed within thirty days of the August 26, 2005 order.

For the same reason discussed in Part I of this Opinion, we respectfully disagree with the trial judge. The motion for a new trial was filed within thirty days of the September 12, 2005 Order. Therefore, the motion was timely filed.

Turning to the merits of the motion, we note that it attacks the subject matter jurisdiction of the trial court. As a general rule, subject matter jurisdiction may be raised at any time by the parties or by the appellate court <u>sua</u> <u>sponte</u> on appeal. ***County of Shelby v. City of Memphis***, 365 S.W.2d 291 (Tenn. 1963).

2

The Court's subject matter jurisdiction to modify its own child custody order is governed by Tenn. Code Ann. § 36-6-217. That section provides that a court of this state which has made a child-custody determination has exclusive, continuing jurisdiction (except for temporary emergency orders, Tenn. Code Ann. § 36-6-219) over the determination until:

> (1) a court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationship; or

> (2) a court of this state or a court of another state determines that the child, the child's parents, and any other person acting as a parent do not presently reside in this state.

The official comments to Tenn. Code Ann. § 36-6-217 provide as follows:

> This section provides the rules of continuing jurisdiction and borrows from UIFSA as well as recent UCCJA case law. The continuing jurisdiction of the original decree State is exclusive. It continues until one of two events occurs:
>
> 1. If a parent or a person acting as a parent remains in the original decree State, continuing jurisdiction is lost when neither the child, the child and a parent, nor the child and a person acting as a parent continue to have a significant connection with the original decree State and there is no longer substantial evidence concerning the child's care, protection, training and personal relations in that State.
> In other words, even if the child has acquired a new home State, the original decree State retains exclusive, continuing jurisdiction, so long as the general requisites of the "substantial connection" jurisdiction provisions of Section 201 are met. If the relationship between the child and the person remaining in the State with exclusive, continuing jurisdiction becomes so attenuated that the court could no longer find significant connections and substantial evidence, jurisdiction would no longer exist. The use of the phrase "a court of this State" under subsection (a)(1) makes it clear that the original decree State is the sole determinant of whether jurisdiction continues. A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction.

>    2. *Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State.* The exact language of subparagraph (a)(2) was the subject of considerable debate.
>
>    Ultimately the Conference settled on the phrase that a "court of this State or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State" to determine when the exclusive, continuing jurisdiction of a State ended. The phrase is meant to be identical in meaning to the language of the PKPA which provides that full faith and credit is to be given to custody determinations made by a State in the exercise of its continuing jurisdiction when that "State remains the residence of.... "The phrase is also the equivalent of the language "continues to reside" which occurs in UIFSA § 205(a)(1) to determine the exclusive, continuing jurisdiction of the State that made a support order. *The phrase "remains the residence of" in the PKPA has been the subject of conflicting case law. It is the intention of this Act that paragraph (a)(2) of this section means that the named persons no longer continue to actually live within the State. Thus, unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases.*
>
>    *The phrase "do not presently reside" is not used in the sense of a technical domicile. The fact that the original determination State still considers one parent a domiciliary does not prevent it from losing exclusive, continuing jurisdiction after the child, the parents, and all persons acting as parents have moved from the State. . . .Jurisdiction attaches at the commencement of a proceeding.* If State A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the State prior to the conclusion of a proceeding. . .

Tenn. Code Ann. § 36-6-217 Cmt. 1,2 (emphasis supplied).

The proof at the original hearing showed that the father moved to Sardis, Mississippi soon after the original divorce. At the time of the hearing below, he had lived there for four and one-half years. Father remarried in March of 2004. The mother and child moved to Brandon, Mississippi in November of 2002 to live with Mother's boyfriend. They moved to the Jackson, Mississippi area in October of 2003. Mother also remarried in April of 2004.

After mother filed her motion for a new trial, the parties and the court sparred over how to address the problem until the court entered an order on April 3, 2006 granting the mother an

evidentiary hearing to determine the mother's residence as of July 15, 2004 when the petition and answer in this cause were filed. At the hearing on May 25, 2006, the mother testified that on the critical date she and the child lived with her new husband in Brandon, Mississippi, where they had lived since November of 2003.

At the time the mother moved to Mississippi, she still had a house in Memphis, a Tennessee driver's license and had her car registered in Tennessee. The record does not show when, or if, that changed.

The trial court made the following finding of fact after the May 25, 2006 hearing:

> THE COURT: Well, first off, the Court is limited to what the Court has previously issued in its order of 3 April of this year, the evidence to the issue of the respondent's residency status at the time of the filing of the parties' respective petitions in July of 2004. The Court will make a finding of fact on that.
>
> The Court finds that Ms. Schuett owned a home here in Tennessee, chose to retain a driver's license which violated, under her theory of having a domicile down in Mississippi, the law of Mississippi, which is that you, after a certain period of time, must have a driver's license there. She continued to keep car registration in Tennessee, and that violates also, if she indeed was domiciled in Mississippi, the Mississippi law of car registration down there because they have a wheel tax. She did not pay a wheel tax.
>
> She had Tennessee voter registration up here. She indicated that she didn't vote much, but nevertheless, she didn't change her voter registration. She was for some time -- for some indefinite period of time from November of 2002, in a tenuous status as a guest in the home of, at one point, a paramour in Mississippi -- not the greatest condition of a domicile. But she was also -- and she did pay income tax because she was employed in Mississippi, and I'm not familiar with the law down there on the obligation on employers on that.
>
> But the thing that the Court found the most interesting was I could not find from her testimony exactly at what point in time it was that she ceased having the child in question at the day care in Tennessee. Her petition -- these petitions were filed in July of 2004, and yet her response is referring to things that -- if indeed it was November 2002 that she removed the child from this Court's jurisdiction, why would she be talking about things at the day care center almost two years earlier? I don't know what she was trying to do with Mississippi, but to call it a domicile, in this Court's opinion, I cannot conclude that.

5

This finding of fact comes to this Court with a presumption of correctness. Rule 13(d) Tenn. R. App. Proc. This Court, however, may reverse the trial judge if the evidence preponderates against the finding.

We think the preponderance of the evidence clearly shows that both parties and the child had been residents of Mississippi since the mother and child moved in November of 2002. The father moved to Mississippi a year before that. There is no proof that any of them have lived in Tennessee since that time. The trial court, therefore, did not have the power to modify its prior custody order.

As this Court said in its prior case of ***Foster v. Collins***, No. W2004-01959-COA-R3-CV (Filed in Jackson Dec. 27, 2005):

> "A court acting without jurisdiction is acting without authority of law, and its decrees are absolutely void." Sheffy v. Mitchell, 142 Tenn. 48, 215 S.W. 403, 404 (Tenn. 1919); See also County of Shelby v. City of Memphis, 211 Tenn. 410, 365 S.W.2d 291, 292 (Tenn. 1963) (noting that an order entered without subject matter jurisdiction is a nullity); Mora v. Mora, No. W1999-02483-COA-R3-CV, 2001 Tenn. App. LEXIS 422, (Tenn. Ct. App. June 4, 2001) ("Any order entered by a court without subject matter jurisdiction is a nullity and is therefore unenforceable."); Scales v. Winston, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988) ("It is the duty of any court to determine the question of its subject matter jurisdiction on its own motion if the issue is not raised by either of the parties, inasmuch as any judgment rendered without jurisdiction is a nullity.") "If the Chancery Court had no jurisdiction of the subject matter in this case, the only decree that could be entered by that Court or this Court would be a dismissal of the suit." Tritschler v. Cartwright, 46 Tenn. App. 662, 333 S.W.2d 6, 8 (Tenn. Ct. App. 1959) (citations omitted).
>
> Foster v. Collins, at *5, 9-10.

We recognize that two years have passed since the trial court changed custody to the father, and we hesitate to add to the instability in this child's life. But a void judgment has no validity and neither the Court nor the parties can breathe life into it.

The judgment of the Court below is reversed and the cause is dismissed. We remand the case to the Chancery Court of Shelby County for the collection of the costs in that court. Tax the costs on appeal to Donald T. Arendale, Appellee.

_____
BEN H. CANTRELL, SP.J.