PORTER *v.* DUKE.

*(Jackson.*     April 28, 1897.)

MORTGAGES AND DEEDS OF TRUST.   *Rights . of judgment creditors seeking foreclosure.*

A judgment creditor who seeks to foreclose a chattel mortgage of his debtor, and subject the surplus, without impounding the property or obtaining receiver or injunction, cannot obtain relief upon the mere showing that the property was sold, pending the litigation, at private sale, as authorized by the mortgage, when no surplus was realized and it is not shown that the sale was fraudulent, or that the property was sacrificed, or that it did not bring its full value.

---

FROM   TIPTON.

---

Appeal  from  Chancery  Court  of  Tipton  County. JOHN S. COOPER, Ch.

J. C. BOALES  for  Porter.

SMITHEAL  &  BAPTIST  for  Duke.

WILKES, J.   Complainants claim to be judgment creditors of defendant, W. K. Tucker, in the sum of $495.48 and costs, and that they have had execution issued and returned *nulla bona.*

The  bill  stating  these  facts  is  filed  to  foreclose a trust deed for the benefit of defendant, Duke (doing

business under the name and style of F. D. Martin & Co.), upon a considerable amount of personal property, live stock, farming implements, and growing crops, the latter not ready for market at the time the bill was filed. A discovery, in aid of the bill, was asked, as to the amount due from Tucker to Duke, the amount of property covered by the deed of trust, especially the crops, and other matters not now material to mention.

While there is an allegation that the trust deed was executed to hinder, delay, and defraud defendant Tucker's creditors, the relief actively pressed in the cause is to have the deed of trust foreclosed, under the orders of the Court, and the surplus applied to complainants' debts, and not to set the deed aside. No exception was taken to the double aspect of the bill. A receiver was prayed for in the bill, but the application was not further pressed and none was appointed. No injunction was asked to restrain the execution of the trust, except under orders of the Court, and none was granted. Defendants, Duke and Tucker, as well as the trustee, Nowell, answered the bill, insisting on the good faith of the trust deed, but did not make a full disclosure of the property, especially crops covered by it. The answers were excepted to for insufficiency, and, by agreement, amended answers were afterwards filed. These amended answers purport to set out in full the different items of property, crops, etc., covered by the deed of trust. In his original answer, Duke signi-

fied his willingness to have the deed of trust fore-
closed, under the orders of the Court, but in his
amended answer he states that after his original an-
swer was filed, and pending the suit, the property
had been sold to the defendant, Tucker, the original
debtor, under the provisions of the trust, and there
had been realized therefrom the sum of $665.30,
which he had credited upon his debt of $1,049.72.
Whether this sale was made privately or publicly
does not appear. The prices brought by each item
are given, but it is not alleged that they were full
and fair prices for the articles sold, and no proof
is offered by either party upon this point. The
exact date of the sale is not given, but it was made
before the filing of the amended answer and after
the original had been filed, consenting, on the part
of Duke, that the deed of trust might be foreclosed
by the Court, and under the decrees in the cause.
The cause was heard upon the pleadings and exhibits,
no proof having been taken by either side.

The Chancellor granted complainants decree for
their debt against Tucker, but refused any relief
against Duke, and, as to him, dismissed the bill.
Complainants have appealed, and assigned errors.
These are, in substance, that complainants should
have been given an order of reference to ascertain
the actual amount due to Duke, and that the trust
deed should have been foreclosed under the orders
of Court, and not privately, or out of Court, and
all proper accounts stated, and the surplus proceeds

applied to their debt. The trust deed provides that the sale may be made privately, if the parties to it agree, otherwise the sale shall be public. Defendant Tucker admits that complainants have judgment against him as alleged, and have had executions returned *nulla bona*, and that he is insolvent. Defendant Duke, and Nowell, the trustee, do not admit the judgment, return of execution, or insolvency of Tucker. The record in this aspect presents a question of doubt whether complainants have any status in Court to ask the relief prayed. But, without passing on this question, the case as presented is one where the complainant has not impounded the property, has had no receiver appointed, and has had no injunction granted to restrain a sale out of Court. The sale has been made under the authority of the trust, at least by the tacit assent of the parties, and it is not shown that the sale was fraudulent, or that the property was sacrificed, or that it did not bring its full value. There being no surplus disclosed by the answers and report of sale as made, and the latter not being attacked by any proof, the complainant can have no relief further than was granted by the Chancellor, and his decree is affirmed with costs. Complainant acquired no lien upon the property that could interfere with the rights of Duke, and his lien would be effectual only as to the surplus, and there does not appear to be any surplus.