McClurg v. McSpadden.

(*Knoxville.* November 2, 1898.)

MORTGAGES AND DEEDS OF TRUST. *Private sale pending proceedings to foreclose, valid, when.*

A judgment creditor who seeks to foreclose a mortgage of his debtor and subject the surplus to payment of his debt without impounding the property or obtaining receiver for it or injunction against its sale, cannot have relief upon a mere showing that the property was sold, pending the litigation, at private sale, as authorized by the deed of trust, where the sale is not made in violation of any agreement and no surplus is realized, and it is not shown that the sale is fraudulent or that the property was sacrificed or did not bring full value.

Case cited and approved: Porter v. Duke, 99 Tenn., 24.

Cited and distinguished: Epperson v. Robertson, 91 Tenn., 407; Fulghum v. Cotton, 6 Lea, 590; Schults v. Blackford, 9 Lea, 431.

---

FROM JEFFERSON.

---

Appeal from Chancery Court of Jefferson County. JOHN P. SMITH, Ch.

NOBLE SMITHSON for McClurg.

WASHBURN, PICKLE, & TURNER and EUGENE HOLTSINGER for Manard.

WILKES, J. On the 28th of July, 1896, Andes conveyed the real estate in controversy to Manard,

17 p—28

to secure a note for $267, due at six months. There was a power of sale at maturity, unless the note was paid. On the 20th of November, 1896, complainants filed this bill, attacking the conveyance as fraudulent and usurious. They claim to be judgment creditors with *nulla bona* returns, and by virtue of their bill they contend that they acquired a lien on the land, or Andes' interest therein, subordinate to the rights of Manard if the deed to him should be sustained. Manard answered the bill, admitted usury to the amount of $7.50, but denied all fraud. A few days before this answer was filed the complainants took from Andes and the McSpaddens a trust deed on certain real estate, to secure two judgments due them, being the same made the basis for relief in this case. This latter trust deed provided that, unless half of the two judgments and all costs of the Justice of the Peace and of this cause should be paid by the 15th of June, 1897, the trustee should sell the property. It also provided that this cause should stand continued until that time, and, if payment was made as provided, the cause should be dismissed, and, further, that, if the property was sold under the Manard mortgage, then that the complainants' should be foreclosed at the same time, and the surplus, after satisfying the Manard debt, should go to the McClurg debt. Manard was no party to this deed of trust, nor was he enjoined by the bill from selling under his trust deed, and, on March 20, 1897, he did sell under it, when

W. R. Turner bought the land at $288.96 and paid the purchase money. Thereupon complainants filed a supplemental bill, making Manard and Turner parties. It charged, among other things, that Manard agreed to postpone any sale under this trust deed until June 15, 1897, and on this account they had taken the second mortgage and given the time specified; that the sale was made in violation of this agreement and without notice to them until too late to stop the sale, and then refused to postpone, at their request and on their promise to pay the Manard debt. These charges, the Court of Chancery Appeals report, were all proven, except the one that Manard agreed to postpone, and this was disproven. It was also charged in the supplemental bill that Turner was not an innocent purchaser, but bought for Manard, but the Court of Chancery Appeals report that fact not proven. It also charged that the sale was not made in accordance with the power of sale in the trust deed; that the land sold for an inadequate price, but the Court of Chancery Appeals found these statements not proven, and that the entire proceeds were necessary to the satisfaction of the Manard debt and the expenses of the trust.

The contention was and is that, by filing the bill and bringing Manard before the Court, the complainants put the land in the custody of the law, and acquired a lien on it, and Manard thereafter, and pending the suit, could not make a valid sale.

This contention was not well taken. If the bill

had been sustained as one to set aside the conveyance to Manard, then a lien would probably have attached under the doctrine of *Epperson* v. *Robertson*, 7 Pickle, 407–412, and cases cited, but the Court of Chancery Appeals report that the charge of fraud is not sustained by the facts.

It is also true that a creditor who has execution and *nulla bona* return acquires a lien upon the defendant's equity in real estate by the filing of his bill, and in this case the complainants, if proof had been made of judgment and return of *nulla bona*, might have impounded the surplus. But in this case there is no surplus, if the sale is allowed to stand, so that the question whether Manard could proceed to execute his trust out of Court under the provisions of his trust deed, instead of under the orders of the Court, is the question at issue. This exact question is involved in the case of *Porter* v. *Duke*, 15 Pickle, 24, where it was held that a judgment creditor who seeks to foreclose a mortgage and subject the surplus without impounding the property, or obtaining receiver or injunction, cannot have relief upon a mere showing that the property was sold pending the litigation, at private sale, as authorized by the deed of trust, when no surplus is realized and it is not shown that the sale is fraudulent or that the property was sacrificed or did not bring full value.

This case does not in any wise conflict with the cases of *Fulghum* v. *Cotton*, 6 Lea, 590, and *Schults*

v. *Blackford*, 9 Lea, 431, as the effort in these cases was to. force a sale, and not to prevent it. Moreover, in the present case it appears that complainants, for a valuable consideration, had bound themselves to delay until June 15, 1897. The defendant, not having agreed to such delay, cannot be postponed until that time. In addition, it is also agreed in the last trust deed that, if the property is sold under the Manard mortgage, it might also be sold under the trust deed. This was a clear concession that Manard might sell under his mortgage, and complainants, in that event, were to have the surplus. The fact that Manard was requested to postpone the sale, and that complainants offered, if he would do so, they would pay his debt, cannot matter, as no tender was made, and Manard was under no obligation to delay the sale or accept the promise.

The Court holds, therefore, that there is no error in the decree of the Court of Chancery Appeals, and it is affirmed.