SCOTT COUNTY NATIONAL BANK *v.* BIRD M. ROBINSON.

(*Knoxville.*   September Term, 1920.)

1. **ATTACHMENT.**   Execution.   Garnishment.   Funds in court not subject to execution, attachment, or garnishment.

Funds in the hands of the clerk and master of the court subject to orders of distribution are not subject to execution or attachment at law or to garnishment in aid of a creditor of a party entitled to a portion in the fund. (*Post, p.* 362.)

Case cited and approved: Drane v. McGavock, 26 Tenn., 132.

2. **CREDITORS' SUIT.**   Maintainable to impound debtor's interest in fund in court.

Under the inherent jurisdiction of the chancellor, as well as by virtue of Code 1858, section 4282 (Shannon's Code, section 6091), giving chancery court exclusive jurisdiction to aid creditor to subject property of a defendant which cannot be reached by execution, to satisfaction of the judgment or decree, a creditor can bring a bill in equity to subject to the payment of his judgment debtor's interest in a fund which has been paid into court. (*Post, p.* 362.)

Codes cited and construed: Sec. 4282 (1858); Sec. 6091 (S.).

3. **CREDITORS' SUIT.**   Pleading.   Defense of property subject to execution must be raised by pleadings.

In view of Code 1858, section 4283 (Shannon's Code, section 6092) and Code 1858, sections 4309-4321, it is not necessary to the maintenance of a creditor's suit to establish a lien on the debtor's interest to funds paid into court that it should be made to appear that an execution had been issued and returned *nulla bona,* if it is shown that the debtor is really insolvent and has no property subject to execution, and if the question is not raised by motion to dismiss, demurrer, or plea in abatement. (*Post, pp.* 362, 363.)

Scott County Nat. Bank v. Robinson.

Case cited and approved: Turley v. Taylor, 71 Tenn., 172.

Code cited and construed: Sec. 4283 (1858) Sec. 6092 (S.).

4. CREDITOR'S SUIT. Clerk not proper party to suit to impound interest in fund in court.

The clerk and master of the chancery court is the mere instrument to distribute a fund paid into court in accordance with the chancellor's orders, and is therefore neither a necessary nor a proper party to a creditor's suit to subject the interests of the judgment debtor in such fund to the payment of a creditor's claim. (*Post*, *pp.* 363, 365.)

Case cited and approved: Dews v. Olwill, 62 Tenn., 438.

5. CREDITOR'S SUIT. Creditor first impounding fund in court has priority.

The rule that a creditor, whose diligence uncovers property which could not be seized on execution, acquires a lien by a creditor's bill on such property prior to other creditors even though they may have judgments obtained prior to the judgment on which the suit was brought, applies where the fund uncovered is a fund which had been paid into court. (*Post*, *p.* 365.)

Cases cited and approved: Dews v. Olwill, 62 Tenn., 432; Stahlman v. Watson (ch. App.), 39 S. W. 1055; Binns v. La Forge, 191 Ill., 606.

---

FROM ANDERSON.

---

Appeal from the Chancery Court of Anderson County.— HON. JOHN JENNINGS, JR., Chancellor.

SCOTT & STAPLES, for Scott County Nat. Bank.

N. B. MORRELL, for Bird M. Robinson.

WM. BAXTER LEE, for George S. Crouch.

Mr. L. D. SMITH, Special Justice, delivered the opinion of the Court.

These causes involve a contest between creditors of Bird M. Robinson for a priority in certain funds due to said Robinson, derived in a general creditors' suit brought in the chancery court at Clinton against the New River Coal & Coke Company, as a creditor of said insolvent corporation.

The facts are that, in the course of the proceedings of the general creditors' bill above referred to, the property of the New River Coal & Coke Company had been placed in the hands of a receiver for sale and had been sold, and the clerk of the court had in his hands notes which had been executed by the purchaser of the property, payable to the clerk and master, which when collected and paid in would be distributed among the various creditors of that company, of which Bird M. Robinson was one, and the said Robinson was entitled as a creditor to a *pro rata* of said funds. When the proceedings of the general creditors' bill were at the stage above stated, the Scott County National Bank filed a bill in the chancery court at Clinton against Bird M. Robinson, and against the receiver appointed by the court in the general creditors' proceeding, in which it alleged that it had recovered a judgment in the chancery court of Scott county against Robinson, for something over $3,800, and that Robinson was insolvent and a nonresident of the State, and that nothing could be made out of him by execution or otherwise, or at law. The proceedings in the general creditors' suit above referred

to are set up in the bill, and it was alleged that Robinson would be entitled, in the distribution of the assets of the New River Coal & Coke Company, to at least twenty-five per cent. of the claim which he had filed, amounting to $15,000. Upon these facts the complainant bank sought to have an attachment issued and levied upon the estate of Robinson, and his interest in the note and the proceeds derived from the sale of the property of the New River Coal & Coke Company. Upon this bill the bank procured the issuance of an attachment to be levied upon Robinson's interests in the funds, and an injunction restraining the receiver from paying the funds out to Robinson, and requiring that Robinson's interests be paid into the cause brought by it, to the end that it might be applied to the satisfaction of the bank's judgment against Robinson. This bill was filed October 11, 1917. The attachment was issued on the same day directing the sheriff to attach the estate of the said Bird M. Robinson, and particularly his interest in the purchase-money notes in the case of *Union & New Haven Trust Company* v. *New River Coal & Coke Company*. The sheriff made a return upon this attachment to the effect:

"Executed as commanded by levying this attachment on the interest of Bird M. Robinson in three certain notes for $100,000 each, dated October 3, 1917, and due in twelve, eighteen, and twenty-four months from date, being notes of A. B. Day, and John F. Shea, and Jas. T. Shea, sureties, and payable to J. C. Scruggs, clerk and master, in the case of *Union & New Haven Trust Co. et. al.* v. *New*

*River Coal & Coke Company.* It is number 1532, Anderson county, chancery court."

The sheriff was permitted by the clerk and master, who had the custody of the purchase-money notes, to mark upon the notes the fact that they had been levied upon by the attachment aforesaid. The defendant Robinson made no answer to this bill, and judgment *pro confesso* was taken against him. The defendant De Vault, who was the receiver, answered that all of the funds which had come to his hands from the sale of the property had been paid out by him under the orders of the court, for taxes, administration expenses, except the purchase-money notes amounting to $300,000, which he immediately upon their execution had delivered to the clerk and master.

On February 25, 1918, and after the aforesaid bill of the Scott County National Bank had been filed and the proceedings hereinbefore recited had taken place, George S. Couch, as trustee in bankruptcy of the American Service Union, filed a bill similar to that filed by the Scott County National Bank, in the same court, against Bird M. Robinson, but naming, in addition to the defendants who were made parties to the bill of the bank, J. C. Scruggs, clerk and master of the chancery court.

In this bill the trustee in bankruptcy alleged an indebtedness in his favor against the defendant Robinson. This indebtedness was alleged to be due upon certain notes. It was also alleged that Robinson was insolvent, and a nonresident, and an attachment was also prayed for and likewise an injunction restraining the clerk and master from paying out any of the funds due in the general

creditors' suit to the defendant Robinson. An attachment was issued, and the sheriff made the same return upon it that he had made upon the attachment issued in the case of Scott County National Bank, and an indorsement of that fact was placed on the notes which were in the hands of the clerk and master. An injunction was issued restraining the clerk and master from paying out any of the funds due to Robinson, and Robinson from receiving the same. Decrees were pronounced in favor of the complainant in each of said causes, and against the defendant Robinson, and the causes were consolidated for the purpose of determining the question of priority between the Scott County National Bank and the trustee in bankruptcy. The question of priority was raised by the trustee in bankruptcy by motion to quash the attachment, a number of grounds being assigned.

The chancellor held that none of the grounds of the motion to quash were good, and adjudged that the Scott County National Bank was entitled to priority of payment out of the proceeds due to Robinson.

From this decree the trustee in bankruptcy has prosecuted an appeal to this court.

The assignments of error filed by Couch, trustee in bankruptcy, to the action of the chancellor, raised the single question that the proceeding of the Scott County National Bank did not constitute any valid impounding of the funds of Robinson in the hands of the clerk and master, for the reason that the clerk and master was not

made a party defendant to the original bill of the Scott County National Bank.

The funds due to Robinson by reason of his claim against the insolvent corporation whose property was sold and which was subject to the orders of distribution in the chancery court in the insolvency proceeding were not subject to execution or attachment at law, and could not therefore be reached by the legal process of garnishment. There was therefore no remedy at law by which these creditors of Robinson could have appropriated to the payment of their claims the funds due to Robinson thus in *custodio legis*. *Drane* v. *McGavock*, 7 Humph., 132.

These creditors were therefore entitled to proceed in equity under the inherent jurisdiction of the court of chancery, or by virtue of our statute. Section 4282 of the Code (6091, Shannon) provides that chancery courts have exclusive jurisdiction to aid a creditor by judgment or decree to subject the property of a defendant which cannot be reached by execution, to satisfaction of the judgment or decree under the provisions of the Code.

Where a judgment or insolvent debtor has funds due to him which are subject to be paid to him under the orders of the court, they constitute an equitable asset, subject to be reached in a proceeding in equity or under the statutes referred to, and by that means the creditor may obtain a lien upon that fund by having it impounded, and such a fund is contemplated by section 4283 (6092, Shannon's Code), wherein a creditor whose execution has been returned unsatisfied may file a bill in chancery against

the defendant in the execution, to compel the discovery of property or money due to defendant or held in trust for him. It is not necessary, in order for the lien to attach, that it should be made to appear that an execution has been issued and returned *nulla bona,* if it is made to appear that the judgment debtor is really insolvent and has no property subject to execution at law, and where the judgment debtor has not raised the question by motion to dismiss, demurrer, or plea in abatement. Such defense must be raised in one of the methods stated. Code, sections 4309—4321; *Turley* v. *Taylor,* 3 Lea, 172.

It results therefore that the complainant Scott County National Bank, by the proceedings aforesaid, did acquire a lien upon the funds due to Robinson which were in the hands of the clerk and master, unless the point made by Couch, trustee in bankruptcy, to the effect that it was necessary to make the clerk and master a party defendant to the suit, is well taken.

A public official is not subject to garnishment with respect to funds which he holds in his official capacity, for the reason that as a matter of public convenience and policy his control and custody over the funds cannot be interfered with. He does not have the legal title to the funds, but is merely the representative of the court, as much so as if he were a machine. The funds which he holds are subject to the orders and directions of the court. The very reasons which enter into the rule exempting him from the process of garnishment obtain where an effort is made to impound funds in court. He must   pay   the

funds out according to the orders of the court. He is not only not a necessary party, but it is improper to make him a party, since thereby the performance of his duties in the distribution of the funds under the orders of the court is to that extent interfered with. The party to whom the fund is going, being brought into court to prevent its payment to him and to obtain its application to the obligation which he owes to the complainant, serves every purpose of the court for the protection of the rights of the parties. The clerk and master has nothing to do with it whatever. His duties are purely ministerial, and whenever the fund is impounded by process which runs against the defendant himself, and it is placed where the court can make disposition of it, the whole purpose of the law is satisfied, the lien attaches, and the rights of the parties are fixed. It was intimated by the court in *Dews* v. *Olwill*, 3 Baxt., 438, that it was unnecessary for the clerk and master to be served with the injunction and the attachment. This intimation is sound. It was said by the court in that case that it was sufficient for the bill to state the facts, and it was said to be unnecessary for the clerk and master to be served with the attachment, because:

"The clerk to issue the process, and have it served upon himself, would serve no good purpose. At any rate, we think this placed the fund under the control of the court, so it could not be paid out without an order in this case, and this was the proper mode in a case of this character to impound the fund."

The complainant, the Scott County National Bank, did

all that was necessary to impound this fund, and to acquire a lien on this property.

"The principle is well established that where a creditor by his superior diligence, discovers and uncovers property which could not be seized upon execution at law, and properly files a creditor's bill to subject said property of debtor to the satisfaction of his judgment, he acquires a lien on such property, and becomes entitled to satisfaction of his judgment out of such property in preference to other creditors, even though other creditors have judgments obtained prior to the time when the complainant creditor obtained his; and to the fastening or preservation of such a lien no injunction or attachment or levy on the property is necessary." 12 Cyc., 61.

This rule is applicable where the fund is in court, as in this case. *Dews* v. *Olwill,* 3 Baxt., 432; *Stahlman* v. *Watson* (Ch. App.), 39 S. W., 1055; *Binns* v. *La Forge,* 191 Ill., 606, 61 N. E., 382; 12 Cyc., 61.

It results that there is no error in the decree of the chancellor holding that complainant, the Scott County National Bank has priority over all other creditors to the funds due to Bird M. Robinson, and is entitled to have its decree paid in full out of said funds.

The decree is in all things affirmed, and in the case is remanded to the chancery court of Anderson county for the execution of the chancellor's decree. George S. Couch, trustee, will pay the costs of the appeal.