S. P. H. TINSLEY *et al. v.* T. E. BRYAN *et al.*

*(Knoxville.*   September Term, 1922.)

EQUITY.   Jurisdiction of chancery not dependent on amount of debt.

Under Code 1858, section 4288 (Shannon's Code, section 6097), authorizing a creditor without first obtaining a judgment at law to file bill in chancery to set aside fraudulent conveyances, and subject the property to satisfaction of the debt, jurisdiction of chancery does not depend on the size of the debt; sections 4280, 4281 (sections 6089, 6090), declaring such court to have original jurisdiction of all cases of an equitable nature where the debt or demand exceeds $50, and to have no jurisdiction of any debt or demand of less than $50, having no application to such ancillary jurisdiction.

Acts cited and construed: Acts 1857-58, ch. 56.

Cases cited and approved: Malone v. Dean, 77 Tenn., 336; Lake v. McDavitt, 81 Tenn., 30; State v. Covington, 72 Tenn., 51; Wagstaff v. Braden, 60 Tenn., 304; Spurlock v. Fulks, 31 Tenn., 289; Frazier v. Browning 79 Tenn., 253; State ex rel. v. Alexander, 115 Tenn. 157; Washburn v. Moore, 3 Tenn. Ct. Civ. App., 279; McNew v Toby, 25 Tenn., 27.

Case cited and distinguished: Putnam v. Bentley, 67 Tenn., 84.

Codes cited and construed: Secs. 6089, 6090, 6091, 6097, 6100 (S.).

---

FROM KNOX.

---

Appeal from the Chancery court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals, from the Supreme Court.—HON. CHAS. HAYS BROWN, Chancellor.

BOWEN & BOWEN and S. A. MEADOR, for Tinsley & others.

HAL H. CLEMENTS, ROY H. BEELER and LEN G. BROUGH-TON, JR., for Bryan and others.

MR. L. D. SMITH, Special Judge, delivered the opinion of the Court.

This proceeding was begun in the chancery court of Knox county, Tenn. The complainants alleged in their bill that the defendant Briscoe-Ragsdale Motor Co. sold to the defendant Bryan an automobile, retaining title thereto for some unpaid purchase money; that shortly thereafter the complainant sold to Bryan some tires to be used on this automobile, for which Bryan had not paid, amounting, with interest, to $44.50. The bill further alleges that to collect this indebtedness the complainant instituted a suit before a justice of the peace, and in connection therewith sued out an attachment and had it levied upon this car; and that at the trial of this case before the justice of the peace one Lucile Baker undertook to set up proof that she had bought the car, and was an innocent purchaser without notice, and that this car was not liable for this indebtedness; that this suit was voluntarily dismissed. It is alleged in the bill that at the time of and before the defendant Bryan purchased the tires Lucile Baker was running a disorderly house, and that Bryan was living with her. Then follows this averment:

"Your complainant charges that the transfer of this car from T. E. Bryan to Lucile Baker was done through and in collusion to defeat the legal process on these and other claims against the defendant."

158 Tenn.—17

It is then alleged that by virtue of the statutes made and provided in such cases the complainant has a lien on the automobile in question on account of the accessories thus furnished, subject to the retained title of the Briscoe-Ragsdale Motor Company. These liens they seek to enforce.

Upon these averments the bill prayed for judgment, and that the car be attached, and for general relief. The bill was dismissed by the chancellor upon motion of the defendant for want of equity, in that the bill contained no showing why complainants·had not a plain and adequate remedy at law, and because the amount of the claim or demand, being under $50, is not within the jurisdiction of the court. The case was appealed to the court of civil appeals, and the decree of the chancellor dismissing the case was affirmed.

The court of civil appeals, in an opinion by Mr. Justice FAW, treating the case as one to set aside a fraudulent conveyance, held, nevertheless, that, the claim or demand being for less than $50 the court was without jurisdiction, under the authority of *Malone* v. *Dean,* 9 Lea. 336.

The petition of the complainants for certiorari is based upon the averment that this holding of the court of civil appeals is erroneous. While the averments of the bill are somewhat meager, nevertheless they may, upon a liberal interpretation, be treated as presenting a bill to set aside a fraudulent conveyance of property in order to enable a creditor to reach the property for the satisfaction of an indebtedness less than $50.

The case of *Malone* v. *Dean,* supra, is not directly in point on the question here involved. That was a bill to

enforce a vendors' lien upon a tract of land, in which the amount of the demand sought to be collected was less than $50, and in which it was contended that there was no other tribunal having jurisdiction to enforce a vendor's lien, and that therefore a court of chancery had jurisdiction without regard to the amount. The soundness of this contention was denied, and it was held that the court was without jurisdiction. This conclusion was reached upon an interpretation of sections 4280, 4281, and 4282 of the Code. These sections of the Code, (Shannon's sections 6089, 6090, 6091) are fou-.d under the title dealing with the jurisdiction of the chancery court, and under article 1, entitled "Exclusive Jurisdiction." The particular sections of the Code referred to read as follows:

"Sec. 4279. The chancery courts shall continue to have all the powers, privileges, and jurisdiction, properly and rightfully incident to a court of equity, by existing law." (This means under the statutory and common laws of the State. *Lake* v. *McDavitt,* 13 Lea, 30.)

"Sec. 4280. They have exclusive original jurisdiction of all cases of an equitable nature, where the debt or demand exceeds $50, unless otherwise provided by this Code."

"Sec. 4281. They have no jurisdiction of any debt or demand of less value than $50."

"Sec. 4282. They have exclusive jurisdiction to aid a creditor by judgment or decree, to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment or decree, under the provisions of this Code."

It was held in *Putnam* v. *Bentley,* 8 Baxt., 84, that, in a case falling under the latter section, the jurisdiction is

not limited as to the amount. The court said: "In such a case 'the exclusive jurisdiction to aid a creditor by judgment or decree to subject the property' to sale, conferred by Code section 4282, may well be invoked."

The reasoning of the court being: "The statute lodges this auxiliary jurisdiction exclusively in the chancery court. And while sections 4280 and 4281, construed together, restrict the original jurisdiction of our chancery courts to debts and demands of $50 and upwards, the next section, 4282, vests said courts with exclusive jurisdiction to aid a creditor by judgment to subject his property, which cannot be reached by execution, to the satisfaction of his judgment, without reference to the amount of said judgment. The ground of the jurisdiction is, that the plaintiff has no remedy at law—cannot reach his debtor's property by execution at law; and this statute aids him upon that ground alone."

A distinction was made between that case and the case of *Malone* v. *Dean,* that the first two sections have reference to original jurisdiction, whereas the latter has reference to cases of ancillary jurisdiction, the latter being exclusive jurisdiction conferred upon the chancery court, without the expressed limit embraced in the other sections. So it was held that an exception could not be made in favor of a bill to enforce a vendor's lien, without utterly ignoring the positive language of sections 4280 and 4281.

No case has been reported involving the question of jurisdiction of a chancery court in a case where the amount is under $50, falling under section 4288 (Shannon's section 6097), under which it is contended by the plaintiff the case at bar falls. That section reads:

"Any creditor, without first having obtained a judgment at law, may file his bill in chancery for himself, or for himself and other creditors, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering and delaying creditors, and subject the property, by sale or otherwise, to the satisfaction of the debt."

Section 4291 (Shannon's, section 6100) provides:

"The court has the same power and jurisdiction in all respects to set aside fraudulent conveyances and other fraudulent devices, in the cases mentioned in the last three sections (which includes 4288), and to subject the property, by sale or otherwise, to the payment of debts, as if the creditor had obtained judgment, and execution thereon had been returned unsatisfied."

Reconciling *Malone* v. *Dean,* and *Putnam* v. *Bentley,* the correct interpretation of these articles would seem to be that the jurisdiction of a chancery court is limited by the amount only in those cases of an equitable nature where the chancery court has exclusive original jurisdiction, and that there was no intention to limit the jurisdiction of the chancery court by the amount in those cases where the court had exclusive ancillary jurisdiction in the enforcement of a claim or a demand. The term "original jurisdiction" of cases of an equitable nature evidently refers to that class of cases where the right of action itself is of an equitable nature, and not to those cases where the remedy is of such a nature as that a court of chancery only can apply. We have the settled rule of interpretation that the limitation by amount prescribed by section 4281 does not have any application whatever with respect to the right of a creditor by judgment or

decree to subject property of the defendant which cannot be reached by execution to the satisfaction of his judgment. Section 4288 is just as ample in its provisions as the section with reference to a judgment creditor. By that section any creditor without having obtained a judgment may file a bill to set aside a fraudulent conveyance of property and have the property subjected to the satisfaction of his debt. The court is by the express words of the statute given the same power and jurisdiction in all respects in a case of that kind as if the creditor had obtained judgment and execution thereon returned unsatisfied. This question was incidentally discussed in *State* v. *Covington*, 4 Lea, 51. In that case it was held that a justice of the peace did not possess the jurisdiction of a court of chancery to enforce a lien on land for taxes assessed thereon where the amount of the taxes did not exceed $50. This power of a justice of the peace was invoked under the provisions of chapter 56 of the Acts of 1858, which authorized justices of the peace before whom a case was pending, where the subject-matter did not exceed $50, to hear and determine such cause upon principles of equity. These provisions of the act of 1858 were brought into the Code by section 4123, subsection 7 of which provided that the jurisdiction of justices of the peace extends to all equity cases where the subject-matter does not exceed $50. Judge COOPER, in holding that the Code nowhere vests justices of the peace with any of the powers of a chancellor, or with any of the extraordinary jurisdiction of a court of chancery, argued that this did not deprive a litigant of any remedy, saying:

"Although by the Code, section 4281, chancery courts are declared to have 'no jurisdiction of any debt or de-

mand of less value than $50,' yet this restriction only applies when the jurisdiction turns wholly upon the amount involved. If the jurisdiction to grant the relief sought is exclusively conferred upon the chancery court, the limitation does not apply. It cannot be supposed that the legislature intended to deprive the citizen of redress, no matter how small the amount involved may be, when the only court clothed with jurisdiction is the chancery court."

In support of this argument, Judge COOPER, writing the opinion, refers to the fact that it had been twice held that, when a bill is filed under section 4282 to subject the property of the defendant which cannot be reached by execution to the satisfaction of a judgment, the court of chancery will have cognizance, although the judgment debt be under $50. He said: "The reason is, that it is the peculiar subject of jurisdiction, the enforcement of a positive equity, not the amount involved which must be looked to, there being no other mode of redress."

In such a case as that which is presented here the plaintiff would be without remedy, since no other court had jurisdiction and power to set aside fraudulent conveyances. While the legislature undoubtedly had power to limit the jurisdiction of the chancery court, yet, as was said by Judge MCFARLAND in *Malone* v. *Dean,* "and in view of the expense attending proceedings in chancery, the denial of the remedy in that tribunal would be no great hardship," the creditor still had his remedy for the debt, nevertheless the statute will not be so construed as to deprive a party of all remedy, except by plain and unambiguous language. In this view sections 4280 and 4281 may well be construed, as has been the case in principle, as having reference to those equitable rights which re-

sult from accident, mistake, fraud, trusts, etc., originally inherent in a court of equity, and not as denying such equitable remedies as are exclusively conferred upon the chancery court by the sections of the Code hereinbefore referred to.

In *Wagstaff* v. *Braden,* 1 Baxt., 304, it was held that, if the face of the bill showed the debt or demand to exceed $50, the jurisdiction of the court would not be defeated, even though the debt or demand be under $50, if the defendant submits to answer.

The same case was likewise decided in *Spurlock* v. *Fulks,* 1 Swan, 289.

The limit of amount upon the jurisdiction is not applicable in an ejectment case (*Frazier* v. *Browning,* 11 Lea, 253), nor in mandamus (*State ex rel.* v. *Alexander,* 115 Tenn., 157, 90 S. W., 20.)

*Washburn* v. *Moore,* 3 Tenn. Ct. Civ. App., 279, is a case in which the demand had been reduced to judgment and fell squarely within *Putnam* v. *Bentey.*

*McNew* v. *Toby,* 6 Humph., 27, presented a mere money demand under $50. In that case the suit was dismissed without prejudice.

The result is that the court holds that the chancery court did have jurisdiction notwithstanding the amount of the original demand, under sections 4288 and 4291 of the Code, to aid plaintiff in the collection of his debt by setting aside a fraudulent conveyance, and the decree of the court of civil appeals and the chancellor to the contrary will be reversed, and the case remanded to the chancery court for further proceedings.