## Hull *v.* Vaughn *et al.*

*(Jackson,* April Term, 1937.)

Opinion filed July 3, 1937.

644

E. D. WHITE, of Livingston, and WARD R. CASE, of Jamestown, for appellants.

ALBERT WILLIAMS, of Nashville, and H. B. McGINNESS, of Carthage, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The bill herein was filed by Cordell Hull against J. C. Vaughn and Joe W. Vaughn, as executors of the will of Alvin P. Vaughn, deceased, residents of Overton county, and against H. R. Vaughn, a citizen of Sumner county. It is alleged that on May 11, 1936, complainant recovered a judgment in the chancery court of Sumner county against H. R. Vaughn and Vera H. Vaughn for $1,417 and costs; that a certified copy of the judgment and abstract thereof were recorded in Overton county on June 17, 1936, and abstract of the judgment recorded in Sumner county on June 20, 1936; that an execution was issued on the judgment to the sheriff of Overton county and was returned "no property found"; that neither

of the judgment debtors has any property subject to execution at law.

It was further averred in the bill that Alvin P. Vaughn, the father of defendant H. R. Vaughn, was a resident of Overton county, and had recently died, leaving a last will, which had been duly admitted to probate in the county court of Overton county. It appears from a copy of said will, exhibited with the bill, that defendant H. R. Vaughn is a devisee or legatee thereunder. A tract of land alleged to have been devised by the will is described in the bill. It is then averred, in substance, that the complainant is entitled to have the entire interest or estate of H. R. Vaughn in the property passing to him under the will subjected and applied to the satisfaction of his aforesaid judgment. An injunction was prayed to restrain the executors from delivering or paying over to the debtor, Vaughn, any property or money to which he might be entitled under the will.

Process under the will was duly served upon the executors and H. R. Vaughn. The executors answered and neither admitted nor denied the judgment alleged in the bill. They admitted that Alvin P. Vaughn made a will naming them executors thereof. They denied that the estate of Alvin P. Vaughn owed defendant H. R. Vaughn anything, and alleged that H. R. Vaughn is not entitled to any interest in said estate and that he owed the estate more than his interest would have been.

The defendant H. R. Vaughn did not answer and a *pro confesso* was taken as to him.

Upon the hearing of the cause, the chancellor granted complainant the relief sought by his bill, and decreed that he is entitled to have the entire interest of H. R. Vaughn in the property passing to him under the will

subjected and applied to the satisfaction of said judgment, and to this end that the temporary injunction theretofore granted restraining the executors from delivering or paying over to H. R. Vaughn any property or funds to which he is or may be entitled under the will was made perpetual, and the executors were directed to hold all such property or funds subject to the orders of the court. From this decree defendants prayed and were granted an appeal to this court upon filing proper bond. The defendant executors perfected their appeal by giving an appeal bond, but defendant H. R. Vaughn did not. The cause is before this court, therefore, alone on the appeal of the executors.

The first assignment of error is, in substance, that the chancellor erred in rendering the decree appealed from because the chancery court of Overton county was without jurisdiction of the subject-matter of the lawsuit, which is an alleged legacy or devise in favor of H. R. Vaughn; no property being brought into court by attachment or otherwise.

Complainant's suit is one to subject to the satisfaction of his judgment property of the judgment debtor that could not be reached by execution. The chancery court of Overton county had jurisdiction of the suit. Under the title "Jurisdiction of Chancery Court," section 10352 of the Code is as follows:

"It has exclusive jurisdiction to aid a creditor, by judgment or decree, to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment or decree under the provisions of this Code."

In *Harris* v. *Beasley*, 123 Tenn., 605, 133 S. W., 1110, 1111, Ann. Cas. 1914B, 942, the bill sought to reach the

equity of the judgment debtor in certain real estate encumbered with a trust deed. The court said, *inter alia*:

"The right of a judgment creditor to reach the equity of his debtor in real estate in the manner attempted in the present proceeding is one well recognized in this state, and the filing of the bill describing the property and stating a case for this form of relief fastens a lien upon the property. This is established by statute and numerous decisions. Shannon's Code, secs. 6091, 6095; *Fulghum* v. *Cotton*, 6 Lea, 590; *Schultz* v. *Blackford*, 9 Lea [431], 434; *Wessel* v. *Brown*, 10 Lea, 685; *Bridges* v. *Cooper*, 98 Tenn., 381, 384, 392, 39 S. W., 720; *Porter* v. *Duke*, 99 Tenn., 24, 27, 41 S. W., 361; *McClurg* v. *McSpadden*, 101 Tenn., 433, 435, 436, 47 S. W., 698."

See, also, *Scott County Nat. Bank* v. *Robinson*, 143 Tenn., 356, 226 S. W., 218; *North* v. *Puckett*, 164 Tenn., 100, 46 S. W. (2d), 73, 81 A. L. R., 1107.

It was unnecessary that complainant attach the interest of defendant H. R. Vaughn in the estate of his father left him by will. A lien attached upon the filing of the bill without an attachment. *House* v. *Swanson*, 54 Tenn. (7 Heisk.), 32; *Cowan, McClung & Co.* v. *Dunn*, 69 Tenn. (1 Lea), 68; *Brooks* v. *Gibson*, 75 Tenn. (7 Lea), 271; *Epperson* v. *Robertson*, 91 Tenn., 407, 19 S. W., 230; *Jordan* v. *Everett*, 93 Tenn., 390, 24 S. W., 1128; *Templeton* v. *Mason*, 107 Tenn., 625, 65 S. W., 25.

Under section 10356 of the Code, the creditor is given a lien *lis pendens* upon the property of defendant situated in the county of suit, if properly described in the bill of complaint, on the filing of the bill, so far as concerns the pursued defendant; and he may have a lien *lis pendens* upon all property so described, as against *bona fide* purchasers and encumbrancers, for value, upon regis-

tration of an abstract of the claimed lien as provided by the Code.

The ground of the jurisdiction, under section 10352 of the Code, is that the plaintiff has no remedy at law—cannot reach his debtor's property by execution at law—and this statute aids him upon that ground alone. *Tinsley* v. *Bryan*, 148 Tenn., 256, 255 S. W., 49; *Malone* v. *Dean*, 77. Tenn. (9 Lea), 336; *Putnam* v. *Bentley*, 67 Tenn. (8 Baxt.), 84.

It is argued for defendants, however, that the interest of H. R. Vaughn under his father's will was subject to equitable attachment. Section 882 of Gibson's Suits in Chancery is relied on. It is there stated:

"There are various properties subject to attachment in a suit in Chancery which are not so subject in an action in a Court of law. . . .

"Properties strictly equitable and not cognizable at common law include: . . . (8) a legatee's or heir's estate in the hands of an executor or administrator before final settlement."

It is true that an equitable attachment may be obtained by a creditor upon a bill containing the necessary averments. *Harrison* v. *Hallum*, 45 Tenn. (5 Cold.), 525. But the right to such remedy upon a proper showing in no way excludes the right of a judgment creditor to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment, under section 10352 of the Code, without the necessity of attachment.

It is complained under the second assignment of error that the proceedings herein cannot be maintained because no execution appears to have issued to Sumner county, where the judgment debtor resides, and that a *nulla bona*

return of an execution to a county other than of defendant's residence is not sufficient proof of his insolvency.

In *Turley* v. *Taylor*, 71 Tenn. (3 Lea), 171, 173, the court said:

"The return has in fact been treated as a form, only material because it is made by the statute sufficient evidence to sustain a bill. *Esselman* v. *Wells*, 8 Humph., 482, 487. It has never been held to be the only evidence of the fact shown by the return. Be this as it may, the defense that there is no such return is to the jurisdiction, and must be made by motion to dismiss, demurrer, or plea in abatement."

In *Scott County Nat. Bank* v. *Robinson*, 143 Tenn., 356, 226 S. W., 218, it was held not necessary that it should be made to appear that an execution had been issued and returned *nulla bona*, if it is shown that the judgment debtor is really insolvent and has no property subject to execution. It was further held that failure of the complainant to have execution issued and returned *nulla bona* must be taken advantage of by motion to dismiss, demurrer, or plea in abatement.

The bill herein alleges that neither of the judgment debtors has any property subject to execution at law. This became an established fact in the cause upon the taking of the bill as confessed as to the defendant H. R. Vaughn. The defendant executors did not by motion to dismiss, demurrer, or plea in abatement, challenge the jurisdiction of the court because of the want of execution to Sumner county with *nulla bona* return. On the contrary, the executors answered the bill, and thereby submitted to the jurisdiction of the court.

It is further complained under the second assignment of error that the certified copy of the decree ob-

tained by complainant against H. R. Vaughn cannot be received and recognized as such because there is no caption showing that any term of court was held on the date given in the body of the decree, and that it does not appear to have been either signed or approved by the chancellor. The exhibit is certified by the clerk and master of the chancery court as "a true and correct copy of a decree in the case of *Cordell Hull* v. *H. R. Vaughn* and Mrs. Vera H. Vaughn, No. 1325, as the same appears of record in my office in Minute Book 28, page 416."

Section 10567 of the Code is as follows:

"Exhibits to bills or answers may be proven by affidavits or proper certificate filed with the exhibits in the clerk's office at any time before hearing, or by witnesses at the hearing."

The copy of the decree shows on its face that it was rendered by the chancery court of Sumner county on May 11, 1936. A regular term of said court begins on the first Monday in May of each year, the next succeeding term being that for Humphreys county on the third Monday in May. It thus appears that the decree in question was rendered during the period of time fixed by law as the regular term of the chancery court of Sumner county. It must be presumed that the court was regularly in session at the time of the rendition of the decree. With respect to the objection that it is not made to appear that the chancellor signed the minutes of his court including this decree, it must be presumed that he signed the minutes as directed by section 10112 of the Code. Every officer is presumed to have performed his duty. Furthermore, the recovery of this judgment is averred in the bill and stands confessed by H. R. Vaughn under the decree *pro confesso* taken against him.

■ It is next insisted that the bill is in the nature of a garnishment, and that complainant is bound by the sworn answer of the executors wherein they denied that the estate was indebted to H. R. Vaughn. The bill is not a garnishment bill, but is one, as before stated, to reach the equitable interest of Vaughn not leviable on by execution in his father's estate.

■ Under the third assignment of error it is contended that the decree appealed from invades the jurisdiction of the county court of Overton county, in that it prevents the executors from making settlement of the estate in their hands in the county court and removes the administration, so far as Vaughn is concerned, from the county court to the chancery court. The decree cannot be so construed. In effect, the decree does nothing more than enjoin the executors from passing over to the judgment debtor his share in the estate and requires the executors to hold the same subject to the orders of the chancery court. By necessary implication only the net share of Vaughn in the estate, after administration, is affected by the decree.

Upon an examination of all the assignments of error, we find them without merit and overrule the same. The result is that the decree of the chancellor is affirmed and the cause remanded.

The costs of the appeal will be paid by the appellant executors, and may be by them charged against the share of H. R. Vaughn in the estate of Alvin P. Vaughn.