On Petition to Rehear.
This was a suit to subject the equitable interest of D.B. Johnson in certain real estate to the satisfaction of a decree which Mrs. Doyene Anderson held against him. The trial court sustained the bill of Mrs. Anderson and ordered the equitable interest in the land sold. In the original opinion this Court affirmed that decree of the chancery court.
D.B. Johnson has filed a petition to rehear on the ground that the trial court had no jurisdiction to enter *Page 67 
the decree which it did because there was no proof that defendant did not have sufficient property, subject to execution, to satisfy the decree in favor of Mrs. Anderson.
D.B. Johnson did not raise this question of jurisdiction in the trial court by a motion to dismiss, demurrer, or plea in abatement; but filed an answer to the petition of Mrs. Doyene Anderson. By so doing, he submitted to the jurisdiction of the court. Scott County National Bank v. Robinson, 143 Tenn. 356, 226 S.W. 218; Hull v. Vaughn et al., 171 Tenn. 642,107 S.W.2d 219.
Furthermore, we think it affirmatively appears from the testimony of D.B. Johnson himself that he was hopelessly insolvent.
There is no merit in the petition to rehear, so it is denied at the cost of petitioner.
Felts and Howell, JJ., concur. *Page 68